## GRIFFITH & WIFE *vs.* MINER.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE JUDGE
OF THE THIRD PRESIDING.

According to the 883d article of the Code of Practice, the appellant has
three days, within which to file the record, after the return day of the
appeal, or on cause shown within this period, he may obtain further time
to bring it up.

The three days, after the expiration of which, the appellee is entitled to the
clerk's certificate to that effect, if the record is not filed or cause shown,
*are days of grace*, within which the appellant must file the record or show
cause to the contrary.

After the expiration of the three days of grace, if the record be not filed or cause shown, the appellee has three alternatives ; he may obtain the clerk's certificate, and proceed to the execution of his judgment; or he may file the record and have the judgment affirmed.; and lastly, have the appeal dismissed.

The appellant may bring up and file the record, after the expiration of the three days of grace, and without showing cause, if the appellee has not availed himself of any of the alternatives allowed him, in case of the failure of the appellant to file it, within the three days grace.

It is the uniform practice of the Supreme Court, when without the fault of the appellant, his case cannot be placed before it to have a revision of the judgment of the inferior court on the merits, and when justice requires it, to remand the cause for a new trial.

The plaintiffs instituted suit against Stephen Miner, in his life-time, for the recovery of three hundred and ten arpents of land, situated in the parish of Concordia, which they allege, the wife of the plaintiff, formerly Eliza A. Walker, inherited from her mother, Ann B. Walker, deceased, late widow of Peter Walker. They allege, that said tract of land was confirmed to said Ann B. Walker, in her own right, by a *requette*, dated 15th September, 1802, by J. Vidal, then commandant of the post of Concordia, and by commissioner's certificate, the 25th April, 1811; that the said Eliza A. Griffith is the only heir of the said Ann B. Walker, deceased, and is entitled as such, to said tract of land. They allege, that the late Stephen Miner, formerly of Mississippi, now deceased, in his life-time took possession of the land in controversy, and has acquired large revenues and profits therefrom; and that the said land is now occupied and possessed by his heirs, since his death, and is in the actual possession and occupation of his son Stephen Miner, who claims it as his own, who has also acquired large revenues and profits therefrom, and who refuses to deliver it up, or to account for the profits and revenues. The petitioners pray, that the said Stephen Miner be decreed to deliver up said tract of land, and pay over to them the amount of revenues he has gathered.

44

WESTERN DIST.
October, 1834.
——————
GRIFFITH ET AL.
vs.
MINER.

After answer put in by Stephen Miner, his death was suggested in a supplemental petition filed, and the widow, Mrs. Charlotte C. Miner, natural tutrix of the defendant's only child, made a party to defend this suit.

Mrs. Miner, for herself, and as natural tutrix of her child, answered, and denied that her late husband ever received any profits, accruing from the land in question, either from his father, or on his own account, that were not far exceeded in value, by the improvements made upon the land, and the taxes paid therefor; that her late husband derived title to the land, under the will of his father, and the deed of partition, between him and his brother William John Miner, in February, 1829; that his father, Stephen Miner, possessed said land by an open, notorious and uninterrupted possession, for more than twenty years before bringing this suit, and certainly more than ten years prior to said period, and that Ann B. Walker resided in the parish of Concordia, for more than twenty years immediately preceding her death, and more than five years elapsed, before institution of this suit, after the plaintiff, Eliza A. Griffith, came of age. She further avers, that Stephen Miner acquired said land, by a verbal sale or exchange made with Ann B. Walker, in 1807; and relies also for title, on a letter of said Ann B. Walker, written by herself, or by her authorised agent, or which was fully sanctioned by her, and which letter is annexed to the answer of said Miner.

The defendant further pleads prescription; and in case of defective title and eviction, she prays to be allowed ten thousand dollars for her improvements. She refers to the deed of partition between her late husband and Wm. John Miner, and prays that the latter be cited in warranty, and made to account for said land and profits, as by the act of partition he is bound, in case judgment is rendered against her; and that this suit be dismissed.

Upon these issues, after exhibiting a mass of testimony upon the merits of the matters in controversy, the jury returned a verdict for the plaintiffs, restoring them the land described in the petition, and allowing one thousand two

hundred dollars, for the rents and profits received by the defendants, since January, 1829, the time of bringing suit, and the costs ; and for the defendant, against William J. Miner in warranty, in the sum of three thousand dollars, being half the value of the land recovered by the plaintiffs, and six hundred dollars for one-half of the rents and profits received, since the inception of suit.  Judgment was rendered on the minutes, in conformity with the verdict, on the 7th December, 1832, and signed by the judge of the third judicial district, who tried the cause.

The counsel for the defendant, objected to the judgment being signed, on the ground, that the day on which it was signed, was not a judicial day, it being the day on which by law, the same court was required to commence its session, in the adjoining parish of Carroll, but waived all other objections.  His objections were filed in writing, and are in the record.

An appeal was taken, which was granted on the 6th of December, 1833, returnable to the Supreme Court, at Alexandria, the first Monday of October, 1834.  The record was brought up and filed by the appellant, on Thursday the 9th of October, 1834.  The court did not meet and form a quorum to do business, until Wednesday the 8th.  The record was therefore filed, on the second judicial day of the term, being the third day after the return day of the appeal.

The clerk of the District Court, who attended the trial of the cause, certified at the foot of the parole evidence, that the foregoing pages contained all the evidence taken, *viva voca* in the case.

On the same day, being the day judgment was rendered on the minutes, the district judge who tried the cause, certified, " that the foregoing pages contained all the parole testimony, on which the case was submitted to the jury ; " and " that the documents marked, &c., contained all the documentary and written proof given to the jury."

At the time of granting the appeal, the original answer of Stephen Miner was mislaid or lost, which fact appeared by affidavits of the clerk, annexed to the record.  The clerk

WESTERN DIST.
October, 1834.

GRIFFITH ET AL.
vs.
MINER.

who had succeeded to the office, at the time of granting the appeal, and who made out the record, certifies, " that the foregoing pages, from one to seventy-two, contains a true transcript of all the proceedings, as well as of all the documents *now on file, and of record,* and of all the evidence upon which the suit was tried, *so far as the said proceedings, documents and evidence, now appears among the records of my office.*"

An affidavit of the clerk, who was in office at the trial of the case, was filed in the record, who declared, that Charlotte C. Miner, tutrix of her minor child, and defendant in this cause, resided out of the state of Louisiana, with her said child, and continues to reside out of the same.

*Dunbar,* for the defendant and appellant, assigned for error on the face of the record, that the judgment appealed from, was signed by the judge, after the expiration of the term of the court, as fixed by law.

*R. Ogden, Winn and Mason,* for the plaintiffs, moved to dismiss the appeal for the following causes :

1. The record was not returned and filed in this court, at or within the time fixed by law, and the order of the appeal, in consequence of which the appeal is prescribed.

2. The appeal being suspensive, should have been taken and returned to the first term of the Supreme Court, succeeding the rendition of the judgment appealed from, to wit, at the October term, 1833.

3. The statement of facts is imperfect, and insufficient to enable this court, to try the case on its merits.

4. The appeal does not come up in such a shape, as to enable the court to examine the case.

5. The record is incomplete, a material document having been lost, since the trial of the cause in the District Court, which is established by the affidavit of the former, and the certificate of the present clerk.

6. The transcript is not certified by the clerk, as the law requires, so as to enable this court to know, that the whole case is before it.

*Dunbar*, for the defendant and appellant, stated that the causes, which prevented the record from being filed on the return day of the appeal, were beyond the control of the appellant, and for which he is not to suffer.

2. It is shown, that the appellant resides out of the state, and has two years to appeal in.

3. The certificate of the judge, at the foot of the record states, that it contains all the evidence, both parole and written, upon which the case was submitted to the jury. It is sufficient to try the cause on its merits. *Code of Practice*, 586.

4. But if it shall appear, at the time or before the trial, that the record is not complete, the appellant is entitled to have judgment suspended, until it be completed. *Code of Practice*, 898, 899.

5. If the case cannot be examined on its merits, we at least show, on the part of the defendant and appellant, that justice requires that the cause be remanded for a new trial.

*Martin, J.*, delivered the opinion of the court.

The plaintiffs and appellees in this case, have prayed, that the appeal be dismissed, on the following grounds :

1. That the transcript had not been filed on the first day of the term, which was the return day thereof.

2. That the clerk's certificate is insufficient.

3. That an important document, viz : the answer of the defendant is missing, and made no part of the record.

The appeal was made returnable on the first Monday of October, 1834. On that day none of the judges attended. The roads were so much obstructed by the fallen timber, occasioned by the late storm, that rendered an attendance on the first days of the court, impossible. The clerk adjourned the court until the second day, when one of the judges arrived, who adjourned over until Wednesday, when all the judges were present in court, and which was the first judicial day. The transcript in the present case, was filed on the succeeding day, which was Thursday, and the second judicial day of the term. On this day, leave was asked and

WESTERN DIST.
October, 1834.

GRIFFITH ET AL.
vs.
MINER.

According to the 883d article of the Code of Practice, the appellant has three days within which to file the record after the return day of the appeal; or on cause shown within this period, he may obtain further time to bring it up.

The three days, after the expiration of which the appellee is entitled to the clerk's certificate to that effect, if the record is not filed or cause shown, as days of grace, within which the appellant must file the record or show cause to the contrary.

After the expiration of the three days of grace, if the record be not filed or cause shown, the appellee has three alternatives: he may obtain the clerk's certificate and proceed to the execution of his judgment; or he may file the record and have the judgment affirmed; and lastly, have the appeal dismissed.

The appellant may bring up and file the record, after the

given, to file the transcript, but the counsel for the appellees, who was present, observed, that he reserved to himself the faculty of showing that the transcript was irregularly filed.

The Code of Practice, *article* 883, allows to the appellant, who has not filed the record within the three days, after which the appellee is entitled to the clerk's certificate, the faculty within these three days, to obtain, on cause shown, further time to bring up the transcript.

In the case of *Rost* vs. *St. Francis church*, 5 *Martin*, *N. S*. 191, this court considered the three days, after which the appellee is entitled to the certificate of the clerk, *as days of grace*, within which the appellant may file the transcript. Until these days have elapsed, the Code of Practice does not seem to authorise any steps to be taken by the appellees, in relation to the disposition of the cause. After the expiration of this period, or that of any particular time, which the appellant may obtain from the court, the appellee has three alternatives: he may proceed to the execution of his judgment, by obtaining the clerk's certificate; he may require the affirmance of the judgment, and lastly, require the dismissal of the appeal. *Ibid.* 884. But the *Code of Practice* requires, before he proceed to the exercise of the two last alternatives, that he should bring up the transcript of the record. *Ibid.* 590. In the latter case, the dismissal is to be claimed, as if the record had been brought up by the appellant, and which, it is contended, excludes the neglect of the appellant to bring the record, from the causes which authorise the dismissal of the appeal.

We are not dissatisfied with the decision, in the case of *Rost* vs. *St. Francis church*. When an act is to be done within a given time, as the filing of an answer, and the like, it may be done afterwards, if nothing occurs which prevents it. Thus, if a judgment by default has not been taken, an answer may be put in to the merits, although more than ten days may have elapsed, from the service of citation.

We are, therefore, of opinion, the transcript of the record was filed in time.

The certificate of the clerk, attests the correctness of the transcript, so far "as the documents and evidence now appear among the records of the office."

WESTERN DIST.
October, 1834.

GRIFFITH ET AL.
vs.
MINER.

It appears from the face of the transcript that the officer who subscribes the certificate, is of late appointment, who did not hold the office at the time the cause was tried. There is, however, a certificate of the judge, attesting that the record contains all the evidence given to the jury.

It is, however, admitted, that an important document is missing, viz: the original answer of Miner. An effort has been made to obtain a copy, and have it used on the trial in this court; and the clerk has certified, that the original is lost. This circumstance has been urged, as a ground for a claim, to have the appeal dismissed, because the appellant has not brought up such a transcript of the record, as will authorise this court, to revise the judgment appealed from.

*expiration of the three days of grace, and without showing cause, if the appellee has not availed himself of any of the alternatives allowed him, in case of the failure of the appellant to file it, within the three days grace.*

As no fault or neglect can be attributed to the appellant, we cannot see any reason to dismiss the appeal, on account of an accident, over which he had no possible control.

The appellee has urged his inability, to proceed in the hearing of the case on its merits, without this document. As there is no legal means, by which evidence of its contents may be directly brought before us, no other steps can be resorted to, than to remand the cause to the tribunal, in which evidence of the contents of this missing document, may be legally received.

This requires the reversal of the judgment. Such has been the uniform practice of this court, that whenever, without the fault of the appellant, a case cannot be placed before it, in such a manner, as to enable the court to revise the judgment of the inferior tribunal, and when justice requires it, to remand the case for a new trial. *M'Daniel* vs. *Insall, ante* 241. 9 *Martin*, 92.

*It is the uniform practice of the Supreme Court, when without the fault of the appellant, his case cannot be placed before it, to have a revision of the judgment of the inferior court on the merits, and when justice requires it, to remand the cause for a new trial.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, the verdict set aside, and the case remanded for a new trial; the plaintiffs and appellees paying costs in this court.