No. 2722.—Succession of Mrs. Eliza B. Hardesty.

An opposition to a tableau of an executor comes too late, if it is not filed, nor offered to be filed, until after the case has been tried and submitted, and taken under advisement by the judge. In such a case the opposition should not be filed.

A bequest in a will to a religious corporation fails, if the legatee is not capacitated to take, at the death of the testator.

In this case the legatee was a religious body, known as the Baptist Church of Clinton, not incorporated at the death of the testator. Held—That the legatee not being incorporated at the death of the testaor was not capacitated to receive the legacy, and the subsequent incorporation of the church, designated in the will as the legatee, would not enable it to take, because the dispositions of the will must take effect in præsenti.

APPEAL from the Parish Court of East Feliciana. *Boedicker*, Parish Judge. *F. Hardesty* and *Cross & Hardee*, for legatees. *J. G. Kilbourne*, for executor, appellants. *McVea & Hunter*, for appellees.

Ludeling, C. J. On the fourteenth day of May, 1868, the executor of the last will of Mrs. Eliza B. Hardesty filed an account and tableau of distribution, wherein he proposed to distribute the amounts collected among the heirs of the deceased.

This account and tableau was duly advertised from the twenty-first of May, 1868. The Baptist Church of Clinton, and the St. Andrew's Church, legatees under the will, acknowledged service of the account and petition, praying for the homologation thereof.

On the fifth of June, 1868, the Baptist Church of Clinton filed an opposition to the account and tableau, claiming a legacy of two thousand dollars, and to be paid by preference over the heirs and universal legatees.

On the twelfth of December, 1868, the heirs and universal legatees filed their answer to the opposition of the Baptist Church of Clinton. They represent that the disposition of the will, in favor of the Baptist Church of Clinton, is null and void, because, at the time of the death of the testatrix, there was no corporation bearing that name, or having any legal existence, which had the capacity to take.

The heirs subsequently filed an amended answer to the opposition, which we deem unnecessary to notice. In January, 1869, the case was taken up for trial, the evidence was adduced, the arguments were made, and the case was taken under advisement by the judge. On the fifteenth of March, 1869, the St. Andrew's Church, offered to file an opposition to the account and tableau of the executor; to this, objection was made on the ground that it came too late. The objection was overruled and the opposition was permitted to be filed. We think the judge *a quo* erred. It is true, as a general rule, that " when an act is to be done within a given time, it may be done afterwards, if nothing occurs to prevent it. Thus, if a judgment by default has not been taken, an answer may be put into the merits, although more than ten days have elapsed from the service of citation. 7 La. 344. But in this case something had occurred to prevent it. The case had been argued and submitted for decision nearly two months before the offer to file-

the opposition was made. See 14 La. 240, Long et al. v. Their Creditors; 3 An. 383, Succession of McCarty; C. P. 1004; 4 La. 300; 9 La. 48, 59.

The opposition of the St. Andrew's Church should not have been permitted to be filed.

Had the Baptist Church of Clinton the capacity to receive at the opening of succession of the testatrix?

The evidence in the record proves conclusively that it had not.

The testatrix died on the thirteenth day of January, 1866. A number of individuals had associated themselves together, under the name of the Baptist Church of Clinton; and they had a house in which they worshipped, in the town of Clinton, but they were not incorporated until after the death of the testatrix. It is clear the association had not the legal capacity to receive on the opening of the succession. C. C. 1459; 19 La. 528; 3 An. 494.

Nor can the individuals, who composed the association at the death of the testatrix, take the legacy. No private advantage was intended for them. Besides, no one but the Baptist Church is claiming the bequest.

Did the subsequent incorporation of the association give it the capacity to receive the legacy? We believe it did not. The legacy was made in præsenti. If the legatee had not the capacity to take when the succession was opened, the property, by law, was transmitted to the heirs; and the subsequent incorporation of the society could not divest their rights. See succession of Franklin, 7 An. 414; 4 Wheaton 28. Baptist Association v. Hart's Executors.

It is therefore ordered and adjudged that the judgment of the court a qua be amended by rejecting the demand of the Baptist Church of Clinton, and dismissing the opposition of the St. Andrew's Church, at their costs; and that in other particulars the judgment be affirmed. It is further ordered that the appellees pay the costs of this appeal.

Rehearing refused.