57 So.2d 739

**CARR v. HART.**

No. 40189.

Jan. 14, 1952.

Rehearing Denied Feb. 18, 1952.

Russell E. Gahagan, Natchitoches, for defendant appellant.

Watson & Williams, Natchitoches, for plaintiff appellee.

MOISE, Justice.

This litigation involves an attack upon two dispositions contained in the will of Mrs. Eva Hart, who died in the Parish of Natchitoches, on June 3, 1949, without forced heirs. The will which was admitted to probate on June 16, 1949, is an olographic one, and is valid as to form, being entirely written by the testatrix and properly dated and signed; it contains a list of particular legacies to various relatives and to certain religious bodies, and appoints decedent's daughter-in-law, defendant herein, her executor (executrix).

Plaintiff, a sister and collateral heir of decedent, attacks the following provisions of the will:

"For cemetery fund to keep cemetery clean and repairs     2500/00" and

"If there is any money left, after bequest (sic) have been paid, I want it to go to cemetery fund."

The will itself is written on two sheets of rough tablet paper and the face of each page is fully utilized for writing purposes. The date appears at the head of the first page, and the signature of the testatrix appears at the foot of the second. There is no writing following testatrix' signature on the face of the second page, and none on the reverse side of the second page. On the reverse of the first page, however, there is written the provision quoted second above. There is no other writing on the reverse side of page one.

Plaintiff seeks to have both the legacy of the residuum and the particular legacy of $2,500, quoted above, declared null and void, on the ground that there is no one to receive either bequest, nor any trust, person, corporation, congregation, or legal entity capable of receiving delivery and administering the same. Plaintiff further contends that the legacy of the residuum is an undated, unsigned codicil, because of the fact that the provision is isolated from the balance of the will (although contained between the date at the beginning and the signature at the end), and because further, if the same be read as part of the body of the will, there is a break in the continuity of the detailed list of particular legacies which indicates that the provision was written as a postscript or afterthought. Additionally, plaintiff has urged, in brief and in oral argument before this court, that, the bequest quoted second above being simply of any money left after payment of the other bequests, it did not have the effect of naming the "cemetery fund" decedent's universal legatee.

Following probate of the will, the executrix (1) secured authorization for sale of the stock and bonds owned by the estate in order to pay succession charges and all the particular legacies of cash, totalling $16,450, save the $2,500 legacy for "cemetery fund", and (2) filed her first provisional account, which was duly homologated on October 5, 1949.

Thereafter, but prior to the institution of these proceedings attacking said bequests to the "cemetery fund", Mrs. Virginia G. Hart, acting pursuant to authority of court, entered into an agreement with the City Bank and Trust Company of Natchitoches whereby the latter agreed to accept the $2,500 legacy, invest it, and use the proceeds realized from the investment for the purpose of keeping up the "cemetery". The agreement was executed under date of December 31, 1949.

On May 19, 1950, plaintiff brought the present suit, seeking to have both bequests declared null and void, and

the residue of the estate (approximately $35,000) to be distributed one-third to her, and one-third to each Mrs. Anna Albritton Stephenson and Howell H. Albritton, as decedent's collateral heirs at law. Defendant executrix filed a plea of estoppel, which was overruled by the district court, and correctly so, on the ground that the provisional account (on which plaintiff was listed as a legatee for $200) was res adjudicata only as to the items contained thereon; further, "that a will is divisible and parts thereof may be attacked without attacking the whole, and thus plaintiff could claim that her bequest was valid but that other parts of the will were void." After trial on the merits, the district court ruled that the bequest of the residuum, written on the reverse side of the first page of the will was null and void (presumably as an unsigned, undated codicil), otherwise the will was valid, and ordered the executrix to deliver to Mrs. Ada Albritton Carr, plaintiff, as one of the legal heirs, one-third of the net estate. After judgment was rendered, Mrs. Anna Albritton Stephenson and Howell H. Albritton filed an intervention, seeking to be permitted to join as plaintiffs, to which defense counsel objected as coming too late. The executrix has appealed, and plaintiff has answered the appeal, praying that the $2,500 bequest be declared null and void.

There is no doubt as to the cemetery which the testatrix had in mind. It is a small Protestant burying ground located just west of the Village of Campti (her domicile), on the Grappes Bluff Road, in which her husband, her only child, and now she herself, are all buried. The attorney for the succession testified that the testatrix's son, Robert Hart, Jr., who had predeceased her, had discussed with him the matter of creating a trust fund for the purpose of keeping up said cemetery, that it had been his (Hart's) desire to do this in view of the fact that it had already been neglected and he (Hart) felt that after his death and after the death of his immediate family there would be no one left in Campti who had enough interest in the cemetery to see to its upkeep. However, neither Robert Hart, Jr., nor his mother, Mrs. Eva Hart, ever set up such a fund; and there was not in existence at the date of the testatrix's death any person, political entity or body corporate charged with the administration of either fund or cemetery.

■ While it is true that the law favours testacy, the capacity to take, or receive, must exist at the opening of the succession of the testatrix, i. e., at the time of her death. Art. 1473, R.C.C. The status of the cemetery in the instant case is even less favourable legally than that of the unincorporated church involved in the Succession of Hardesty, 22 La.Ann. 332. There a particular legacy to the Baptist Church of Clinton was held null and void,

despite the incorporation thereof subsequent to the testatrix's death; we held:

"A number of individuals had associated themselves together, under the name of the Baptist Church of Clinton; and they had a house in which they worshipped, in the town of Clinton, but they were not incorporated until after the death of the testatrix. It is clear the association had not the legal capacity to receive on the opening of the succession. * * *

"Did the subsequent incorporation of the association give it the capacity to receive the legacy? We believe it did not. The legacy was made in praesenti. If the legatee had not the capacity to take when the succession was opened, the property by law was transmitted to the heirs; and the subsequent incorporation of the society could not divest their rights." 22 La.Ann. 333.

■ It being our conclusion that both bequests to the "Cemetery fund" must fall for lack of a recipient to take, it is unnecessary to consider the other questions raised by this appeal.

For the reasons assigned, the judgment appealed from is reversed, annulled and set aside, insofar as it decrees that the particular bequest of $2,500 to the "Cemetery fund" is valid; and, in all other respects, as thus amended, the judgment of the district court is affirmed.