BEER, Judge.
This is an appeal from a judgment holding that testatrix, Mrs. Alma L. Franz, wife of Wilfred A. Grusich, Sr., failed to dispose of one quarter of the residuum of her estate. The sole question at issue is the interpretation of paragraphs 11, 12 and 13 of her olographic will which, after providing for numerous special bequests which are not here at issue, contained the following provisions with respect to the residuum :
“11. After all indebtedness has been paid and all bequests made, I will and bequeath to my living sisters, an equal share in one half (i/¡) of the net balance of my estate.
“12. I will and bequeath equal share in the one quarter (J4) of the remaining one half (J4) of the net balance of my estate, to my living nephews who are the sons of my sisters Clare Bertucci and Olga Schwartz.
“13. I will and bequeath equal share in the final one quarter (J4) of the *484 remaining one half (i/á) of the net balance of my estate to the following institutions: Maud Ballington Booth Home for Unwed Mothers, House of Good Shepard, Crippled Childrens Hospital, Protestant Home for Babies (1233 Eights St.). However, no institution names herein shall have the right to force action of any kind until the members of my family named herein are completely satisfied, ready and willing. The clause also applies to the Saulet bequests.” (Emphasis ours.)
The trial judge interpreted paragraphs 12 and 13 as each disposing of only one-eighth of the residuum of the estate and thus concluded that one-fourth of the residuum had been undisposed of. He then distributed this remaining one-fourth pursuant to the laws of intestate succession.
The legatees named in paragraph 13 bring this appeal contending that it was the intention of the testatrix to allocate all of the residuum by testamentary disposition.
The able trial judge correctly stated the law that should have been applied for he
“ . . . recognize[d] that the weight of the authority does favor, in the interpretation, that a testament intends to dispose of an entire estate, and where the testamentary intent to do such can be gleaned from a reading of the will the Court should so construe the will.”
See Succession of Fertel, 208 La. 614, 23 So.2d 234 (1945).*
We deem significant the words “remaining one-half” in paragraphs 12 and 13, particularly when considered with the word “final” in paragraph 13. Accordingly, we conclude that the testatrix did, indeed, intend to dispose of all of the “remaining one half”—one-quarter (of the whole or one-half of that half) to certain relatives (paragraph 12) and the “final one quarter” (of the whole) to certain designated charitable, educational and eleemosynary institutions (paragraph 13).
Were we to accept appellees’ interpretation of paragraph 12—that one-quarter of the remaining one-half means one-eighth of the entire estate—then paragraph 13 would make no sense. After one-half has been disposed of in paragraph 11 and one-eighth in paragraph 12, there would be no “remaining one-half” referred to in paragraph 13—only three-eighths would remain.
Finally, it is well settled that the proponents of partial intestacy of an estate must bear the evidentiary burden of establishing that intention on the part of the testatrix. Since no evidence was submitted, it would be difficult to conclude that this burden has been successfully carried.
Very much aware of the diligence and painstaking care which the trial judge has obviously brought to his deliberations and ultimate conclusion we must, nevertheless, disagree. We believe that the testatrix made use of the word “final” as a clear signal to herself and her heirs that she was, by testamentary disposition, allocating all of her estate. We think that she finished writing this rather detailed will confident that she had, indeed, made good her intention to dispose of everything by specific testamentary disposition.
While it is quite true that the literal following of the fractional allocations would bring us to the result reached by the trial *485 court, we opt to go in the direction that is, we believe, more supported by the wording of the testament itself (“final”) and the great weight of the authorities favoring the interpretation that a testament is presumed to intend disposition of the entire estate.
Accordingly, the judgment of the Civil District Court, Parish of Orleans is amended and recast and it is now
ORDERED, ADJUDGED AND DECREED that there be declaratory judgment herein interpreting the will of the decedent Mrs. Alma L. Franz, wife of Wilfred A. Grusich, Sr., as follows to wit:
I.
The three living sisters of decedent, Mrs. Clare F. Bertucci, Mrs. Olga F. Schwartz, and Mrs. Irma F. Gentile are declared to be legatees, in equal shares, of one-half of the net balance of the estate.
II.
Dr. Emile A. Bertucci, Jr., Dr. Alvin C. Bertucci, Gerald Bertucci, (sons of Clare F. Bertucci), and Leonard Schwartz and Edmond Schwartz, (sons of Mrs. Olga F. Schwartz), are declared to be legatees, in equal shares, of one-fourth of the net balance of the estate.**
III.
Maud Ballington Booth Home for Unwed Mothers, (now known as Volunteers of America), House of Good Shepard, Crippled Childrens Hospital, (now known as Childrens Hospital), and Protestant Home for Babies are declared to be legatees, in equal shares, of one-fourth of the net balance of the estate, subject to the additional conditions set forth in textatrix’ will.
Thus amended and recast, the judgment is affirmed. All parties to this litigation to bear their own costs.

AMENDED, RECAST AND AFFIRMED.

 See also Succession of LaBarre, 179 La. 45, 153 So. 15 (1934) ; Succession of Kamlade, 232 La. 275, 94 So.2d 257 (1957) ; Carr v. Bart, 220 La. 833, 57 So.2d 739 (1952) ; Succession of Jan, 78 So.2d 241 (La.App. 4th Cir. 1955) ; Succession of Dinwiddie, 263 So.2d 739 (La.App.4th Cir. 1972).

 The truncated record before us in connection with this appeal provokes some concern on our part as to the status on appeal of Dr. Emile A. Bertucci, Jr., Dr. Alvin O. Bertucci, Gerald E. Bertucci, Leonard Schwartz and Edmond Schwartz. Apparently their interests were not directly before the court in connection with the controversy which arose between the various eleemosynary institutions and the succession representatives for the record shows no service upon them of any of the various pleadings.
Thus, there is some question about the effect that this litigation can have on their rights of inheritance under the will.
We are convinced that the proper resolution of the declaratory judgment proceeding requires us to deal with the distribution to these particular heirs in the manner set forth herein.