HALL, Judge.
Plaintiffs filed this action to annul an inter vivos donation of immovable property made to defendant by J. S. Lord, Sr. and his wife Clarabell Lord. Plaintiffs, Clarabell Lord and the heirs of the now deceased J. S. Lord, Sr., argue that the donation should be annulled because the donee was an unincorporated association at the time of the donation and, as such, was incapable of accepting the donation. Alternatively, plaintiffs contend the donation should be revoked because the act of donation provided that the property would revert to the donors, their heirs or assigns, whenever it is no longer used for religious or educational purposes, *943 which plaintiffs argue is the case here. The trial court rejected plaintiffs’ demands on the basis that, under LSA-C.C. Art. 446, an unincorporated association has the capacity to accept a donation and, additionally, that the evidence clearly established that the property in question has been continuously used for religious purposes since the donation. Plaintiffs appeal. We affirm.
On April 2, 1953, J. S. Lord, Sr. and Clarabell Lord executed an act of donation in which they conveyed an 18-acre tract of land in DeSoto Parish to the defendant, District VIII Baptist Convention, an unincorporated association. The act of donation states that the purpose of the donation is that the property may be used to establish and maintain a Baptist encampment for young people. The donation was accepted on behalf of the Convention by certain individuals acting as a committee, authorized to accept the donation by resolution of the Executive Board of the District VIII Baptist Convention. The Executive Board constitutes the governing body of the Convention and is composed of Convention members annually elected from the various subdivisions of District VIII.
On appeal, plaintiffs do not question the determination by the trial court that the property has been continuously used for religious or educational purposes since the donation, but contend only that the trial court erred in finding that an unincorporated religious association has the capacity to accept and receive a donation inter vivos.
LSA-C.C. Art. 1470 states that “[a]ll persons may dispose or receive by donation inter vivos or mortis causa, except such as the law expressly declares incapable.” The Civil Code articles following Art. 1470, i. e. those articles found in Book III, Title II, Chapter 2, “Of the Capacity Necessary for Disposing and Receiving by Donation Inter Vivos or Mortis Causa”, do not declare an unincorporated association incapable of receiving donations inter vivos. No express declaration of the alleged incapacity has been cited to us by plaintiffs nor has our research revealed any such legislative declaration.
Plaintiffs argue that an unincorporated association is not a “person” within the meaning of Article 1470. They contend that only natural persons and authorized corporations may accept or receive donations, citing as authority for this proposition the case of In Re Shepard’s Succession, 156 So.2d 287 (La.App. 4th Cir. 1963), writ refused 245 La. 460, 158 So.2d 612 (1963). In that case, the decedent by donation mortis causa bequeathed a large sum of money to the National Institute of Health, United States Public Health Service. The court, in concluding that neither the United States nor any of its agencies had the capacity to receive a donation mortis causa, held that “persons” as used in Article 1470 referred only to natural persons. The court reasoned that if the term “persons” was not so restricted there would have been no need for the provision in LSA-C.C. Art. 433 that “[cjorporations legally established are substituted for persons” thus “they are capable of receiving legacies and donations.” In essence, the court limited the meaning of “persons”, then noted a codal exception to this limited definition.
Assuming that the term “persons” is as limited as the Shepard case indicates,[1] we hold that LSA-C.C. Art. 446 provides another exception to this limited definition. At the time of the donation at issue here, Article 446 read:
“Corporations unauthorized by law or by an act of the Legislature, enjoy no public character, and can not appear in a court of justice, but in the individual name of all the members who compose it, and not a political body; although these corporations may acquire and possess estates, and have common interests as well as other private societies.”
This article specifically authorizes unincorporated societies to acquire and possess property. The article is located in Civil Code Book I entitled “Of Persons”, a clear indication that, for the purpose of acquiring estates or property as authorized by the *944 article, an unincorporated association is to be considered a person. One of the recognized methods of acquiring property in Louisiana is by donation inter vivos. See LSA-C.C. Art. 1467.
Plaintiffs also rely on Succession of Hardesty, 22 La.Ann. 332 (1870) and Carr v. Hart, 220 La. 833, 57 So.2d 739 (1952) in support of their argument that the donation to defendant, an unincorporated association, is null and void. In Succession of Fisher, 235 La. 263, 103 So.2d 276 (1958), the Supreme Court, in upholding a donation mor-tis causa made to the First Church of Christ, Scientist, of Boston, Massachusetts, also an unincorporated association, distinguished the cases cited by plaintiffs in the following manner:
“. . . Furthermore, the Hardesty and Carr cases, supra, do not stand for the broad proposition that every unincorporated association is ipso facto incapable of inheriting property, as appellants would have us believe. These cases involved exceptional facts, easily distinguishable from the facts in the case at bar. In Hardesty, for example, the testatrix’ heirs and universal legatees challenged a legacy to the Baptist Church of Clinton, La., claiming that at the time of the death of the testatrix there was no corporation bearing that name, or having any legal existence, which had the capacity to take. This court struck down the legacy on the ground that the Baptist Church of Clinton had no capacity to receive the legacy because it was not only not incorporated, but, unlike the Mother Church, apparently had no organization or legal powers of any kind, a number of individuals having simply associated themselves together under the name of the Baptist Church of Clinton. In Carr v. Hart, supra [220 La. 833, 57 So.2d 739], a collateral heir attacked a provision of her sister’s will which left $2,500 ‘for cemetery fund to keep cemetery clean and repairs.’ This court held the bequest invalid because ‘there was not in existence at the date of the testatrix’s death any person, political entity or body corporate charged with the administration of either fund or cemetery.’ ”
The instant case is also distinguishable from Carr and Hardesty. Defendant, at the time of the donation, was a formal organization with a definable membership operating under a written constitution. It had a governing body, the Executive Board, and established procedures for the election of members to the Board. Unlike the purported donees in Carr and Hardesty, the Baptist Convention constituted a recognizable entity with certain legal capabilities, among them the right to acquire and possess property, which includes the right to acquire property by donation.
Finally, we note as did the Fisher court, that not only does the positive law of Louisiana not prohibit such a donation as the one under attack here, but our public policy favors donations to religious and charitable institutions. Succession of Vance, 39 La.Ann. 371, 2 So. 54 (1887); Succession of Meunier, 52 La.Ann. 79, 26 So. 776 (1899).
Under our holding that the donation to the Baptist Convention was valid ab ini-tio, it is unnecessary to consider the parties’ contentions regarding the effect of a ratification instrument subsequently executed by the Lords.
For the reasons assigned, the judgment of the district court upholding the validity of the donation is affirmed. Costs of this appeal are assessed to plaintiffs-appellants.
Affirmed.

. See 24 La.L.Rev. 918 (1964) criticizing the Shepard holding in this respect.