LOBRANO, Judge.
This is an appeal from a lower court judgment which homologated the tableau of distribution in the Succession of Eber-hard Deutsch. That judgment, in effect, held that there were no residual assets in the estate to distribute, hence the residual bequest to Loyola University cannot be satisfied. Loyola has perfected this appeal.
Eberhard Deutsch died on January 16, 1980. He was survived by his only son, Brunswick G. Deutsch, the executor herein. (Hereinafter we will refer to him by his nickname, Bunny, since all briefs do so.) The last will and testament provided for the following dispositions:
1) $2,500.00 to his maid, Dorothea Breaux, tax free.
2) His Rolls Royce automobile to Mrs. Elva Weiss, tax free.
3) To Tulane University, $500,000.00, less certain previous inter-vivos donations.
4) To “my wonderful son Brunswick G. Deutsch”
a) an amount equal to his legitime, and
b) a usufruct for life on the residue of the estate.
5) Naked ownership of the residue, subject to the usufruct to Brunswick G. Deutsch, was left in equal portions to Tulane and Loyola Universities.
The first three legacies were paid in full. The executor filed a tableau which shows *1251 that the amount of his forced portion exceeded the value of the assets remaining after debts, and therefore prayed that those assets be distributed to him.[1]
Loyola asserts several arguments in opposition to the tableau. The only one that need be addressed is the argument that charitable inter-vivos gifts should not be fictitiously added to the mass of the estate in determining the legitime. As an alternative, Loyola also argues that where the decedent-donor obtained tax savings in making an inter-vivos gift, those tax savings should be excluded in computing the mass of the estate.
These are clever arguments, but we find they have no merit. • At the time of decedent’s death, La.C.C. Article 1505 provided:
“To determine the reduction to which the donations, either inter vivos or mortis causa are liable, an aggregate is formed of all the property belonging to the donor or testator at the time of his decease; to that is fictitiously added the property disposed of by donation inter vivos, according to its value at the time of the donor’s decease, in the state in which it was at the period of the donation.
The sums due by the estate are deducted from this aggregate amount, and the disposable quantum is calculated on the balance, taking into consideration the number of heirs and their qualities of ascendant or descendant, so as to regulate their legitime portion by the rules above established.”
Loyola argues that as a matter of law all charitable donations are onerous donations and therefore are not subject to the provisions of Article 1505.[2] The thrust of their contention is that because gifts to charity must, in effect, be used for charitable purposes to qualify for tax exempt status, they therefore are burdened with conditions that make them onerous. In support of this argument, the only authority cited is the 1925 case of Thompson v. Societe Catholique D’Education, 157 La. 875, 103 So. 247 (1925). That case dealt with the provisions of Article 2404 as it read at that time. The plaintiffs in that suit were seeking to annul a gift made by a husband. The court held, based on the facts before it, that there were sufficient conditions to the gift to conclude that it was onerous.
That decision is clearly distinguished from the instant case. It dealt with a community property article, and an attempt to nullify a donation. In the instant case we are dealing with the forced heirship provisions of our law. We certainly cannot interpret Thompson to hold that all charitable gifts are onerous. Article 1523 provides for three kinds of donation and describes the onerous donation as that which is burdened with charges imposed by the donee. Article 1524 further states:
“The onerous donation is not a real donation, if the value of the object given does not manifestly exceed that of the charges imposed on the donee.”
There is no evidence of any charges, conditions, or burdens attached to decedent’s charitable inter-vivos gifts so as to classify them as onerous. The mere fact that the tax laws require that the gifts be used for charitable purposes is not sufficient to satisfy the codal requirements for an onerous donation. Furthermore, there are no codal provisions which prohibit a charitable organization from receiving a true inter-vivos donation. In fact, the opposite is true for Article 433 expressly recognizes the right of corporations, as defined by Article 431, to receive legacies and donations. There are numerous examples in our jurisprudence in which transfers to charitable and public institutions are treated as gratuitous donations. See, for example, Hutchinson v. Tulane University of Louisiana, 171 La. 653, 131 So. 838 (1931); Lord v. District VIII Baptist Convention, 391 So.2d 942 (La.App. 2nd Cir.1980).
*1252 Loyola also argues that tax savings credited to decedent in making charitable gifts should not be included when computing the fictitious mass under Article 1505. In effect they say that only the “net” value of the gift should be added. We find no authority, nor has any been cited, to support this position. We find no merit in this claim.
Finally, Loyola argues that $14,-560.00 in birthday gifts by decedent to Bunny should not be added to the fictitious mass in computing the legitime because the forced heir clearly has not been prejudiced by donations to himself.
This is an attempt by Loyola to effect at least a partial collation, because, in reality what they are saying is that those gifts were an advancement on Bunny’s legitime. We find no authority to support this contention, and we reject same.
We hold that the tableau of distribution is correct insofar as it shows that there are insufficient assets to satisfy the executor’s legitime, and hence there is no residue for disposition to Loyola.
AFFIRMED.

. The tableau shows two computations one which deducts estate taxes prior to computing the forced portion, and the other which doesn't. It has been conceded by the executor that estate taxes should be deducted. However, it makes no difference in this case since under either computation, the legitime exceeds the assets.

. See Civil Code Article 1526.