## BULFER v. WILLIGROD.

1. **Will:** BEQUEST OF ALL PROPERTY TO WIDOW: ELECTION. Where a testator bequeaths all his property absolutely to his widow, it is not necessary, in order that she may take under the will, that she file her election so to take, instead of taking her third under the statute. Section 2542 of the Code does not apply to such a case.

2. ————: CONSTRUCTION: ABSOLUTE BEQUEST. A bequest in the following form: "I give and bequeath to my beloved wife     *     *     * all my property, to use to her own use and benefit as she shall deem best for herself and our beloved daughter," *held* an absolute bequest to the wife, and that the daughter had no recoverable interest in the property or the proceeds.

*Appeal from Marshall District Court.*

THURSDAY, JUNE 9.

PLAINTIFF is the only child, and defendant is the widow, of George W. Kline, who died in 1875. Defendant converted to her own use the personal property belonging to the estate. She also sold the real estate of which her husband died seized, and received and converted the proceeds derived therefrom. Plaintiff brought this action to recover two-thirds of the value of the personal property and of the proceeds of the real estate. Defendant answered that the whole of the property was devised to her by her husband, and that the will had been duly admitted to probate. In her reply, plaintiff, among other things, alleged that defendant did not, within six months after the probate of the will, file her election to take under it. The cause was determined in the dis-

trict court on demurrer to the reply. The judgment was for defendant. Plaintiff appeals.

*F. M. Davenport* and *O. N. Downs*, for appellant.

*Brown & Carney*, for appellee.

REED, J.—The bequest to defendant is in the following words: "I give and bequeath to my beloved wife, Caroline Kline, all my property, both real and personal and mixed, and of every kind, manner and nature, to use to her own use and benefit as she shall deem best for herself and our beloved daughter, Anna M. Kline, after paying my just debts and expenses of my last sickness and burial." The questions arising on the record are (1) whether the devise was defeated by the failure of defendant to file her election to take under the will; and, if not, (2) whether, under the will or the law, plaintiff took any interest in the property, or its proceeds, for the recovery of which she can now maintain an action.

*1. WILL: bequest of all property to widow: election.*

I. Section 2452 of the Code is as follows: "The widow's share cannot be affected by any will of her husband, unless she consents thereto within six months after notice to her of the provisions of the will by the other parties interested in the estate, which consent shall be entered on the proper records of the circuit court." It was not alleged in the reply that the notice contemplated by this section was ever given to defendant. But it appears by the pleadings that she took possession of all of the property of the estate, and sold and converted it to her own use, acting on the assumption that the whole of it was given to her by the bequest. As she acted with full knowledge of the provisions of the will, perhaps it can be said that notice of its provisions by the other party in interest was not required. But we do not think it necessary to go into that question. The widow's share, spoken of in the section, is that portion of the real and personal property of the husband which, by the provisions of the statute, descends to the widow. Code, §§ 2436,

2440. Under the provisions of these sections, one-third of the personal property not necessary for the payment of debts, and "one-third in value of all the legal and equitable estate in real property possessed by the husband at any time during the marriage, which have not been sold on execution or any other judicial sale, and to which the wife has made no relinquishment of her right," descends to her if she survive him. By the provisions of section 2452, the right of the wife to take that portion of the property cannot be affected by the will of the husband, unless she consents thereto in the manner prescribed in the section. Is the right affected by the will in question? Clearly, we think not. By section 2441, the widow has the right to have her distributive share so set off as to include the ordinary dwelling-house given by law as a homestead, or so much thereof as will be equal to the share given her by section 2440. Her share, then, would be affected by any provision of the will which would require her to accept a smaller portion of the property than would descend to her under the statute, or which would bestow upon her other property in lieu of the homestead. But the present bequest is a devise to the widow of all of the property. Under it she took the title to the property, coupled with the power to make absolute disposition of it. Under the settled rule, it must be regarded as an absolute bequest to her. See *In re Will of Burbank*, 69 Iowa, 378, and authorities cited. Her share, then, was not "affected by the will of the husband;" for, under its provisions, she took, not only the portion of the property which would have descended to her under the statute, but the residue of the estate as well.

II. What we have said substantially disposes of the other questions in the case. The will confers upon plaintiff no interest either in the property or its proceeds. But, if it could be said that a trust was created in her favor, she clearly could not now maintain an action for the recovery of any portion of the proceeds;

2. ———: construction: absolute bequest.

for the right to use the property "for her own use and benefit" which was conferred upon the widow, has not terminated. There is no provision for its termination in the will.

Upon no possible construction of the devise, then, could it be held that she can now maintain an action for its recovery.

AFFIRMED.