# JULY TERM, 1897.

PRESENT:

Hon. FRANK DOSTER, Chief Justice.
Hon. WILLIAM A. JOHNSTON, } Associate Justices.
Hon. STEPHEN H. ALLEN,

GEORGE M. NOBLE v. CARRIE TEEPLE *et al.*

No. 9355.

WILL—*at common law, devise to daughter and her children created joint tenancy.* The last will of a father, executed by him before the abrogation of estates in joint tenancy by the act of 1891, which reads, "I bequeath to my son Thomas the sum of one dollar, and to Amanda Anne, wife of my son Thomas, and her children, I bequeath the Fisher farm," and which took effect previous to the passage of such act, will be construed to create a joint tenancy in the mother and children, and to evidence an intent to exclude the son from any inheritable interest in the land under the Statute of Descents, as the heir of the wife or children; there being no other words in the will from which a different intent can be inferred.

Error from Neosho District Court. Hon. L. Stillwell, Judge. Opinion filed July 10, 1897. *Affirmed.*

*Rossington, Smith & Dallas* and *Clifford Histed,* for plaintiff in error.

*D. M. Valentine* and *T. F. Rager,* for defendants in error.

DOSTER, C. J. This case involves the construction of a will. Isaac Teeple resided in Pennsyvania, and died there in 1880. He left a will, the provisions of which, so far as related to the question in controversy, are as follows:

""As to my property, both real and personal, I be-

queath to my son, Thomas W. Teeple, the sum of one dollar, and to Amanda Anne, the wife of my said son, Thomas W. Teeple, and her children by her present husband begotten, I bequeath what is known as the Fisher farm, a tract of land situate, lying and being in the State of Kansas, in the county of Neosho, being the southwest quarter of section 34, in township 29, south of range 18, and in the event of the death of the said Amanda Anne Teeple or all of her children so begotten, then the said estate is to go to the eight heirs of my body, that is to say, in the event of the death of all the children before reaching the age of twenty-one years. And likewise I bequeath to them, the said Amanda Anne Teeple and her children so begotten, the judgment I hold against Barbara Fisher in the sum of $515."

Amanda Anne Teeple, the devisee named in the will, died in 1881. In 1883, Thomas W. Teeple, her husband, mortgaged the devised land. This mortgage was subsequently foreclosed, and at the foreclosure sale the land was purchased by the plaintiff in error, who received a sheriff's deed thereto. In 1886, the will of Isaac Teeple was admitted to record in Neosho County. The testator's grandchildren, the children of Amanda Anne Teeple, named in the will with her as devisees, sued the plaintiff in error to quiet their title to the devised land. Judgment went for them ; to reverse which, this proceeding in error was instituted.

The question for consideration is the character of the devisees, Amanda Anne Teeple and her children, in relation to each other. Were they tenants in common, or joint tenants? If the former, upon the death of Amanda Anne an interest passed under the Statutes of Descents to her husband, Thomas W., which could be the subject of mortgage by him and of judicial sale and deed. If the latter, the interest of Amanda Anne passed upon her death to her children, the other devisees.

To our minds, the will created a joint tenancy in the devisees, and, therefore, upon the death of the mother her interest in the land became vested in her children. The distinguishing feature of joint tenancy is survivorship — the casting of descent upon co-owners, and not upon heirs   Such species of tenancy existed in Kansas until abolished by the statute. Chapter 203, Laws 1891; *Baker v. Stewart*, 40 Kan. 442; *Simons v. McClain*, 51 Kan. 153. At common law, a devise to one and his children, when the person named had children living, constituted them joint tenants. Beach on Wills, § 212; Schouler on Wills, § 566. Generally, when an estate is given or granted to several persons jointly, without any expression indicating an intention that it shall be divided among them, it must be construed to be a joint tenancy. *Martin v. Smith*, 5 Binn. (Pa.) 16; *Farr v. Trustees, etc.*, 83 Wis. 446; *Robinson v. Duval*, 79 Ky. 83. Joint tenancies, however, are not favored in the law, and will not be inferred in opposition to expressions in the devise or grant indicating a contrary intent. Nevertheless, words whose ordinary signification imports an intent to create such tenancy will be allowed a corresponding legal signification. A fit and apt word to convey such meaning is the copulative conjunction. This was used in the will in question. The devise of the land was '' to Amanda Anne Teeple *and* her children.'' An intent of the testator to likewise equally favor this daughter and her children is manifested in the clause bequeathing to them the judgment against Barbara Fisher. An intent to withhold from the son, Thomas W., all contingency of remainder in the land is manifested in that provision of the will which cuts him off with one dollar. Thomas was the son of the testator, but the unusual instance is afforded by this instrument of his exclusion from his father's bounty, and the gift to his wife and

children of what would ordinarily go to him. Such exclusion of the one and favor to the others throws much light upon the testator's intention. While it more clearly negatives the idea of a contingent remainder in Thomas than it affirmatively defines the character of the estate actually devised, yet the fact of his exclusion clears the way to a better understanding of the terms of the will. It evidences an intention to declare a survivorship among the devisees named and described. Evidence of a negation of the theory of joint tenancy and survivorship is drawn by plaintiff in error from the use of the disjunctive in that clause of the will which passes the estate to the eight heirs of the testator's body, " in the event of the death of said Amanda Anne, *or* all the children before reaching the age of twenty-one years." Had the contingent remainder thus provided for been limited to Thomas W., the husband of Amanda Anne, the father of the children, instead of being distributed, as it were, among eight, of whom Thomas was one, much more importance could be attached to the claim ; but it is not consistent with the paternal intent of the testator, as manifested in the other clauses of the will, to suppose he meant to recall his bounty from the minor children upon the occurrence of their mother's death, and likewise to recall it from the mother in the event of her children's death, and in lieu thereof to confer only an eighth of it upon the one who stood to them in relations of protection and guardianship. Whenever necessary in order to ascertain the intent with which words are used, and to give them effect when their meaning is ascertained, the disjunctive " or " will be read conjunctively, and *vice versa*. *Janney v. Sprigg*, 7 Gill ( Md.), 197, 48 Am. Dec. 557. We do so in this case, and read : " In the event of the death of said Amanda Anne, *and* all her

26—58 KAN.

children before reaching the age of twenty-one years, then the estate is to go to the eight heirs of my body."

Thomas W. Teeple took no estate in the land upon the death of his wife. Upon her death, her interest in such land passed by survivorship in joint tenancy to her children. The mortgage which Thomas W. Teeple executed attached to nothing. The foreclosure sale and deed under which plaintiff in error claims are void as against defendant in error, and the judgment of the court below is affirmed.