S. R. BOYER *et al.* v. WILLIAM SIMS, *as Trustee.*

No. 11,517.    (60 Pac. 309.)

1. TRUST ESTATE—*Construction of Deed.* When lands are conveyed to the grantees as trustees, "and to their assigns," but without naming the beneficiaries or expressing the terms of the trust, the title is not a merely nominal one, or void as to the trustees, but a power of disposition of the trust estate vests in the grantees, and the conveyance cannot be deemed a direct one to the beneficiaries, under section 13, chapter 113, General Statutes of 1897 (Gen. Stat. 1899, § 7531).

2. ——— *Rule of Survivorship.* The rule of survivorship in joint tenancy still obtains as to trust estates, and was not abrogated by chapter 203, Laws of 1891 (Gen. Stat. 1897, ch. 109, § 31; Gen. Stat. 1899, § 2472). *Held*, therefore, that upon the death of one of two trustees to whom a conveyance in terms of joint tenancy had been made, the title to the whole estate became vested in the survivor.

3. TAXATION—*Void Deed—Apportionment of Taxes.* Defendants who, for the purpose of information to the court, in the making of an order charging real property with a tax lien, calculate, in conjunction with the plaintiffs, from the several amounts respectively chargeable against different non-contiguous town lots the total sum due upon the lots collectively, and who make no specific request for a separate charging of the liens, nor specific objection to charging them as a whole, will be deemed to have assented to the order of the court adjudging the total sum against the entire number of lots.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed March 10, 1900. Affirmed.

38—61 KAN.

*John Guthrie*, and *Edwin A. Austin*, for plaintiffs in error.

*Rossington, Smith, & Histed*, for defendant in error.

The opinion of the court was delivered by

DOSTER, C. J.: This was an action of ejectment, begun by William Sims, as trustee, against S. R. Boyer and others. Upon the trial it appeared that the plaintiff derived title through a tax deed of the premises. The tax proceedings were shown to have been defective, and, the tax deed not being protected by the statute of limitations, judgment of the recovery of the land was refused, but the amount of the plaintiff's taxes was ascertained and adjudged to be a lien upon the property and an order made for a sale to satisfy the lien. The defendants have prosecuted error to this court.

The conveyance under which the plaintiff claimed was to him and one T. J. Kellam. The deed recited that the grantors—

"Do remise, release, and quitclaim unto William Sims and T. J. Kellam, trustees, and to their heirs and assigns, the following-described real estate :   .   .   . To have and to hold, all and singular, the above-described premises together with all and singular the appurtenances and privileges thereunto belonging or in anywise thereunto appertaining, and all the estate, right, title, interest and claim whatsoever of the said parties of the first part, either in law or in equity, either in possession or in expectancy, to the only proper use, benefit and behoof of the said parties of the second part and their heirs and assigns forever."

It was shown upon the trial that the grantees were respectively officers of certain banks, and that they had no beneficial interest in the property conveyed,

Boyer v. Sims.

but took the conveyance as trustees for their banks, to hold the title for them and to sell and account to them for the proceeds. Kellam, one of the trustees, died before the institution of the suit, and Sims, the survivor, brought the action in his own name alone as trustee. It was objected that the conveyance and the evidence disclosed a mere naked trust uncoupled with any powers in the trustees, and that, such being the case, the title vested in the *cestuis que trust* and that they alone could maintain the action. In this the plaintiffs in error are mistaken. The statute reads as follows:

"A conveyance or devise of lands to a trustee whose title is nominal only, and who has no power of disposition or management of such lands, is void as to the trustee, and shall be deemed a direct conveyance or devise to the beneficiary." (Gen. Stat. 1897, ch. 113, § 13; Gen. Stat. 1899, § 7531.)

Of course, the power of alienation is incident to every fee (Tied. Real Prop. § 38), and conveyances of the fee in trust, as well as the fee absolute, carry with them to the grantees a power of alienation, unless restrained by the instrument itself. Under the above statute, in the light of the rule mentioned, the deed in question must have contained a clause in restraint of alienation to enable us to say that the grantees possessed no power to dispose of the premises.

But the power of disposition was given to the trustees. Independently of the explanatory testimony as to the existence and design of the trust, and admitting that such testimony may have been improperly received (although no objection was made to it on the trial or in argument to us), the conveyance itself implies a power of disposition. It was made to the grantees and "their heirs and *assigns*." The trust

was not a naked one. By the granting and *habendum* clauses of the conveyance, without reference to the general rule of right to alienate, a power of disposition was vested in the trustees, and that, by the terms of the statute, was sufficient to constitute an active trust.

It was also objected that Sims, the surviving trustee, could not maintain the action in his own name. This objection is likewise untenable. The conveyance was made to the grantees in terms of joint tenancy, and upon the death of Kellam, Sims, the survivor, became invested with the whole of the title. (*Baker v. Stewart*, 40 Kan. 442, 19 Pac. 904, 2 L. R. A. 434; *Simons v. McLain*, 51 id. 153, 52 Pac. 919; *Noble v. Teeple*, 58 id. 398, 49 Pac. 598.) Although the trust conveyance was made in 1896, after the enactment of chapter 203, Laws of 1891 (Gen. Stat. 1897, ch. 109, § 31; Gen. Stat. 1899, § 2472), which abrogated the rule of survivorship in joint tenancy, yet the final clause of that act expressly excepts trust estates from its operation. The law of survivorship in joint tenancy applies in case of trust estates as well as those of other character. (Freem. Coten. & Part. § 43.)

The property involved in the suit was a large number of non-contiguous town lots. The court did not find the amount of taxes, tax interest, etc., that was separately charged upon each of the lots, but aggregated the total amount and adjudged it to be a lien upon the lots collectively. This would have been error but for the conduct of the defendants, the plaintiffs in error here, in inducing this action of the court. It is evident from the proceedings that the defendants assented to the order charging the aggregate lien upon the whole number of lots. The record recites:

" Thereupon it was agreed by plaintiff and defend-

ants that their *entire* amount of taxes, and costs of making the tax deed, paid by said F. C. Allen and his grantees, Wm. Sims and T. J. Kellam, trustees, on the whole number of lots contained in said tax deed, together with interest at the rate fixed by law, was the sum of $3155.82."

No specific request was made for a separate charging of the liens upon the different lots, nor was any specific objection made to charging them as a whole. The aggregate amount of the lien could only be ascertained by the addition of the taxes, etc., properly chargeable against each lot separately. With each separate amount before them, the defendants agreed upon the total sum due. The only reasonable object that could have been in view in the making of this addition and agreement as to the total was to allow the whole amount to be charged as a lien upon the lots collectively and upon each one separately.

There is no error shown by the record, and the judgment of the court below is affirmed.