IN RE WILL OF PHILLIP BARRETT, Deceased.

**Construction of Will:** INTEREST DEVISED. Where testator gave all his property to his wife, to use, enjoy, and manage as she, in her judgment, saw fit, the wife took a fee, and not a simple life estate.

*Appeal from Linn District Court.*—HON. WILLIAM G. THOMPSON, Judge.

TUESDAY, MAY 22, 1900.

PROCEEDINGS for the construction of the will of Phillip Barrett, deceased. The trial court held that Eleanor S. Barrett, widow, took but a life estate, and she appeals.—*Reversed.*

*J. C. Davis* and *Smith & Smith* for appellant.

*Giffen & Voris* for appellee.

DEEMER, J.—The provision of the will we are asked to construe reads as follows: "I give and bequeath to my beloved wife, Eleanor S. Barrett, all of my property, real

and personal, of every description, to use, enjoy, and manage as she, in her judgment, sees fit." Does this devise a fee or life estate? The trial court held that it created but a life estate. If that which follows the word "description," in the will, were eliminated, there would be no doubt that an absolute estate was devised to the widow; for the words "give and bequeath" are the equivalent of "devise." *In re Burbank's Will*, 69 Iowa, 378. Is the estate limited to a life interest by reason of the use of the words, "to use and enjoy and manage as she, in her judgment, sees fit?" Conditions or limitations imposed on an absolute devise are strictly construed, and will not be allowed to defeat the estate unless it clearly appears that the testator intended to devise but a qualified estate. Schouler Wills, section 475; *Allen v. White*, 97 Mass. 504. In *Bulfer v. Willigrod*, 71 Iowa, 620, the will read as follows: "I give and bequeath to my beloved wife all my property, both real and personal and mixed, and of every kind and manner, and nature, to use, to her own use and benefit, as she shall deem best for herself and our beloved daughter, Anna M. Kline." Judge Reed, speaking for the court, said: "The present bequest is a devise of all of the property, coupled with the power to make absolute disposition of it. Under the settled rule, it must be regarded as an absolute bequest to her." If the words, "use to her own use and benefit," give power of absolute disposition, surely the words, "to use, enjoy it, and manage as long as she, in her judgment, sees fit," do no less. A devise of property to one, to use and enjoy, is not confined to personal use, unless the context clearly calls for the more limited construction. Such words, as a rule, carry the beneficial estate to the devisee. *Hance v. West,* 32 N. J. Law, 233; *Stone v. North,* 41 Maine, 265. There is nothing to indicate that the testator intended to devise but a life estate to his wife. He does not undertake to dispose of the remainder, and there is every reason to think that he supposed he was disposing of the whole of his property to his wife.

Technical construction corresponds, then, with the testator's intent, and both give the widow an estate in fee. The case is clearly ruled by *Bulfer v. Willigrod, supra.* There should be a decree finding that Eleanor S. Barrett took an estate in fee, and the cause is remanded for that purpose.—REVERSED.