MARY HOEFLIGER, Appellant, v. MATILDA K. HOEFLIGER,
   FRANCES C. BROSS and HERMAN WERNER, Exr. of the
   Will of George Hoefliger, deceased, Appellees.

**Wills:** CONSTRUCTION: ESTATE CREATED.  In this proceeding to con-
   strue a will it is held by a majority of the Court that the widow
   took only a life estate without power of disposal, except of her
   life interest therein.
DEEMER, J., dissenting.

*Appeal from Linn District Court.*— HON. WILLIAM G.
                    THOMPSON, Judge.

THURSDAY, MAY 10, 1906.

REHEARING DENIED SATURDAY, DECEMBER 15, 1906.

SUIT for the construction of the will of George Hoef-
liger, deceased.  From the decree, plaintiff, the widow and
one of the devisees under the will, appeals.— *Affirmed.*

*Voris & Haas,* for appellant.

*W. T. Fitzgerald,* for appellees.

DEEMER, J.— The will which is before us for construc-
tion, so far as material reads as follows:

No. 1.  I give and bequeath to my wife, Mary Hoef-
liger, all my property both real and personal of which I
may be possessed at the time of my death, and the said
Mary Hoefliger shall have full control of said property dur-
ing her life and then to be divided as follows:
No. 2.  Then to my second daughter Matilda Kath-
rine Hoefliger one-half of the said property belonging to my

estate at my wife's death, shall then come in possession of said daughter now living at Walker, Linn Co., Iowa.

No. 3. I give and bequeath to my first daughter Frances Charlotte Bross, the remaining one-half of all property belonging to my estate at the time of my wife's death, to have and to hold during the period of her life, and then to be divided equally among her children that may be then living.

The trial court found that thereunder plaintiff took but a life estate, and that she had no power to sell, dispose of, or mortgage the real estate left by testator, "except her life estate therein." Appellant contends that she took an estate in fee simple in testator's property, and that in any event she had power of disposition of the entire estate during her life. These contentions are based upon the language of the will devising the property to her, and giving her full control thereof during life. On the other side it is contended, that the widow took but a life estate, and that she had no power to dispose of the fee during her life.

In the opinion of the majority, the widow took nothing but a life estate, and was not authorized to dispose of anything more than that. This conclusion is based upon the rule announced in *Spaan v. Anderson,* 115 Iowa, 121; *Webb v. Webb,* 130 Iowa, 457; *Iimas v. Neidt,* 101 Iowa, 348; *Jordan v. Woodin,* 93 Iowa, 453; *Wheeler v. Long,* 128 Iowa, 643; *Podaril v. Clark;* 118 Iowa, 264, and other like cases.

In the opinion of the writer the devise is an absolute one to the widow, and all efforts at limitation on the widow's power of alienation were and are void for repugnancy. The devise is absolute in terms, and the limitation is upon the power of disposition. My views have been so often expressed in dissenting opinions heretofore filed in some of the cases cited that I need not reiterate them at length. I think the widow was given the fee by the first paragraph of the

will, and that the limitations expressed in the will are void. The so-called remainders created by the second and third paragraphs of the will are of property belonging to testator's estate at the time of his wife's death; this to my mind confirming the conclusion that the widow took a fee. I rely upon *Meyer v. Weiler,* 121 Iowa, 51; *In re Barrett's Will,* 111 Iowa, 570; *Benkert v. Jacoby,* 36 Iowa, 273; *Baldwin v. Morford,* 117 Iowa, 72; *Bulfer v. Williigrod,* 71 Iowa, 620; *Simpkins v. Bales,* 123 Iowa, 62. I regard *In re Barrett's Will,* 111 Iowa, 570, as closely in point. The cases relied upon by the majority are not in my opinion controlling, for in most, if not all, of them the devise was of a life estate only, with added power of disposition, while here the devise is absolute on its face, with an attempt, perhaps, to limit disposition, although this is by no means clear.

Eliminating that part of the will giving the widow "full control during her life," the majority would be forced to conclude, I think, that the widow took a fee. Giving her full control during her natural life did not, in my opinion, take anything from the estate devised. See *Teany v. Mains,* 113 Iowa, 53. Under similar wills the Supreme Courts of Massachusetts and Vermont each held that the widow took an absolute fee-simple title. See *Kendall v. Clapp,* 163 Mass. 69 (39 N. E. 773); *Judevine's Ex'rs v. Judevine,* 61 Vt. 587, (18 Atl. 778, 7 L. R. A. 517). In the former case the court said that the use of the words "for her sole use and comfort during her natural life," as used by the testator, were not meant by him to cut down the devise or to make an estate for life, but to emphasize his intention that she (the widow) should have the sole and full benefit of the property given, which included personalty as well as realty. This seems to me to be sound doctrine. Clearly the words giving full control were not intended to limit the estate already granted; but, if it were, such limitation would be void for repugnancy. The majority could find authority for their position, if the devise were of a life estate, with

added power of control; but here the devise is a fee, the words " give and bequeath " being the equivalent of " devise " and passing on their face an absolute estate. I am further confirmed in this by the fact that the attempt to dispose of the remainder is of the estate at the wife's death and not as of testator's death.   In other words, it is what is left at the wife's death which testator attempts to dispose of by the second and third paragraphs of his will.   If the majority are right in holding that nothing but a life estate is devised to the widow, then the added power of full control does not, as I think, give the widow added power to dispose of the fee.   This seems to be the effect of our previous cases, and the rule is also announced in *Blanton v. Mayes,* 58 Tex. 422; *Porter v. Thomas,* 23 Ga. 467; *Wolffe v. Loeb,* 98 Ala. 426 (13 South. 744); *Randall v. Josselyn,* 59 Vt. 557 (10 Atl. 577).   There seems to be no distinction between wills affecting personalty and realty so far as the question now being considered is concerned.   *Webb v. Webb,* 130 Iowa, 457.   See, also, *Luckey v. McCray,* 125 Iowa, 691, which is directly in point upon the first proposition above discussed.   *Steiff v. Seibert,* 128 Iowa, 746, also recognizes the rule for which I contend.

I would reverse the case and hold that the widow took an estate in fee; but the majority are of a contrary opinion, and the decree must be, and it is, *affirmed.*