THOMAS D. COOKMAN et al., Appellants, v. JULIA WINGATE LINDSAY et al., Appellees.

No. 41504.

JANUARY 17, 1933.

E. G. Dunn, F. A. Ontjes, and Lowell L. Forbes, for appellant.

A. C. Lynch and C. J. Lynch, for appellee.

STEVENS, J.—Albert J. C. Wingate, a single man, died testate in Winneshiek County, July 19, 1926, survived by his mother, Lucy Wingate, a widow, who a few years later also died testate. The father of Albert predeceased him about 18 years. Albert and his mother were the joint owners of considerable real estate in Winneshiek County and other property. Both wills have been admitted to probate.

The controversy in this case arises out of a difference in opin-

ion as to the proper interpretation of the residuary clause of the will of Albert. The clause is as follows:

"All the residue of my Estate remaining after paying said bequeaths, I give, devise and bequeath to the estate of my mother, Lucy Wingate, to be disposed of in accordance with law, through the channels of her estate."

The plaintiffs, appellants herein, are heirs at law of Lucy Wingate. If the foregoing residuary clause of Albert's will be interpreted as asked by appellants,—that is, as a devise to the heirs at law of Lucy Wingate, the decision in the court below cannot be sustained. General and familiar rules for interpreting wills are given some consideration in the briefs of counsel, but furnish little aid in the present instance.

Two principal propositions are urged by appellees: that is, that the devise is void for uncertainty as to devisee, and that, if the clause be given effect at all, it must be interpreted as passing the title of the property to the estate of Lucy Wingate. If the will be held void for uncertainty in the designation of a beneficiary, then, as already appears, the property passed to Lucy Wingate, Albert's mother, as his heir at law. In such case, it would become a part of her estate, and pass under the provisions of her will. The two testators resided together, as the joint owners of the property involved, after the father's death and until Albert passed away. One of appellants is the brother of Lucy. Again, if the clause in question be sustained as a valid devise, then Albert's property clearly passed to the estate of Lucy Wingate. There are cases which hold that a devise to an estate is void for uncertainty. In re Glass' Estate, 130 Pac. (Cal.) 868; Gardner v. Anderson, 227 Pac. (Kans.) 743.

The question has, apparently, not previously arisen in this jurisdiction. We deem it quite unnecessary, for reasons presently to be stated, to pass upon the question here suggested.

Assuming, for the sake of argument, that the residuary clause is valid, it seems to the court that the interpretation sought to be placed thereon by appellants is exceedingly strained, and clearly contrary to the intention of the testator. It is obvious that the gift, if any valid one were made, was to the estate of Lucy Wingate. This is the specific language of the instrument. This necessarily means that it was added thereto. No gift is, in terms, made to the heirs of Lucy Wingate. Courts recognize that the term "estate" has

more than a single meaning, but it is not susceptible of different interpretation in the connection used in the instrument before us. The addition of the property described in the will of Albert to the estate of his mother necessarily made it a part of her estate. This she disposed of in a manner satisfactory to her by will. It is true that the concluding words of the clause in question provide that the property is "to be disposed of in accordance with law through the channels of her estate." If Albert had desired to give some portion of his property to the heirs at law of his mother he could have done so by a much simpler and more direct method. He may not have known that his mother contemplated disposing of her property by will. He may have even thought that she desired it to pass to her heirs at law. If so, this was to be accomplished through the channels of her estate. Some emphasis is given to the provision in Albert's will which gave his mother a life estate in all of his property. Just why he desired his mother to have only the life use of the property when, by the terms of his will, he attempted to pass the fee so that it might be disposed of according to law through the channels of her estate is not made clear by the will. He did not, however, in the opinion of the court, intend to create a contingent remainder in the heirs of his mother. The process of devolution was to be through the channels of his mother's estate: that is, uniting the property passing under the residuary clause therewith. As throwing some light upon the questions here discussed, see Leary v. Liberty Tr. Co., 171 N. E. (Mass.) 828.

We are not to be understood as holding that the residuary clause of the will of Albert is valid. On this question we deem it unnecessary to express any opinion. What we do hold is that nothing passed by the will of Albert to the heirs at law of Lucy Wingate. The decree is affirmed.—Affirmed.

KINDIG, C. J., and EVANS, ALBERT, UTTERBACK, MITCHELL, and ANDERSON, JJ., concur.