No. 38,704

DELMAR C. WAITE and H. LORRAINE WAITE, his wife, *Appellees,* v. ROLAND E. SCHMIDT and SHIRLEY L. SCHMIDT, his wife, *Appellants.*

(245 P. 2d 975)

Opinion filed July 3, 1952.

*G. D. McSpadden,* of Winfield, argued the cause and was on the briefs for the appellants.

*George Templar,* of Arkansas City, argued the cause, and *Earle N. Wright,* also of Arkansas City, was with him on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This is an action brought by plaintiffs (appellees) Delmar C. Waite and H. Lorraine Waite, his wife, under the declaratory judgment act, G. S. 1949, 60-3127 *et seq.,* against defend-

ants (appellants) Roland E. Schmidt and Shirley L. Schmidt, his wife, to determine whether a deed of conveyance to certain described real estate tendered defendants conveys a fee simple title.

Plaintiffs' tendered deed of conveyance is based on title received under the following deed of conveyance to them:

"THIS INDENTURE Made this 10th day of October A. D., 1941, between Curtice W. Sloan, Grace L. Sloan, his wife, Ida M. Bryan, a widow, Ella Fry, a widow, and Walla Miller, a widower, of the County of ———————— and State of ———————— of the first part and Delmar C. Waite and his bodily heirs, of the County of Cowley and State of Kansas, of the second part, WITNESSETH, That said parties of the first part for and in consideration of the sum of EIGHT THOUSAND AND No/100 DOLLARS, to them duly paid, have sold, and by these presents do grant, bargain, sell and convey to said *party* of the second part, their heirs and assigns, all that tract or parcel of land, situated in Cowley County, and State of Kansas, and described as follows, towit: 'The southwest quarter (SW ¼) of Section eight (8), Township thirty-one (31), Range three (3) East of the 6th P. M. Reserving in and to Leon A. Waite and Charity B. Waite, husband and wife, or the survivor of them the use, occupancy and income during their lives and the life of the survivor including full right to lease for oil and gas during their lives and the life of the survivor of them. To HAVE AND TO HOLD THE SAME, With all the appurtenances and all the estate, rights, title and interest of the said parties of the first part therein. And the said first parties do hereby covenant and agree at the delivery hereof they are the lawful owners of the premises above granted and seized of a good and indefeasible estate of inheritance therein, in fee simple, and clear of all incumbrances and that they will warrant and defend the same and every part thereof, in the quiet and peaceable possession of the parties of the second part their heirs and assigns forever.'"

The action was tried in the court below on a stipulation of facts. The facts involved herein are fully and best related in the following findings of fact by the court:

"2. That the consideration for said deed was paid by Leon A. Waite, the father of Delmar C. Waite, and that said deed also contained a reservation of a life estate to Leon A. Waite and Charity B. Waite, his wife and the mother of Delmar C. Waite and that both Leon A. Waite and Charity B. Waite are now deceased.

"3. That on October 10, 1941, the date of the execution and delivery of the deed in question, Delmar C. Waite had the following six living children: Charles A. Waite, Leon Alvin Waite, Francis Pauline Waite Gagne, Leora B. Waite Pettit, Elizabeth Lorraine Waite and Sara Jane Waite; that all of said children are now living and that there is no child or children of any deceased child of plaintiff Delmar C. Waite, and that no child has been born to Delmar C. Waite since October 10, 1941.

"4. That Delmar C. Waite was married twice and that his first wife was the mother of the six children named above; that the first wife of Delmar C.

Waite died and thereafter, in the year 1937, he was married to plaintiff H. Lorraine Waite; that no children were born to this second marriage but that H. Lorraine Waite had a son Darvin, who was adopted by Delmar C. Waite on June 29, 1945, after his marriage to Lorraine, his present wife.

"5. That Leon A. Waite, father of Delmar, died May 27, 1944 and that Charity B. Waite died January, 1951.

"6. That on May 16, 1945, Charity B. Waite, by deed of conveyance to Delmar C. Waite, released and quitclaimed to him the above described property and recited in said conveyance that 'the purpose of this conveyance is to release the life estate held by the grantor in the original deed to grantees and the consideration is no greater than above stated.' (Being the sum of $1.00.)

"7. That on May 23, 1950, Charity B. Waite and all the other heirs at law of Leon A. Waite, joined in a quitclaim deed conveying said described property to 'Delmar C. Waite and to his bodily heirs' and further reciting in said deed that, 'Grantors and Grantee covenant and agree that the restriction against alienation heretofore encumbering said lands was never intended to apply to leasing said premises for oil and gas development and the intent of the grantors in executing this instrument is to cancel and destroy all restriction against alienation heretofore encumbering said lands and to convey to the grantee any interest in said lands which might hereafter accrue to the grantors by reason of said restriction, against alienation.'

"8. That on September 9, 1950, the parties plaintiffs and defendants in this action entered into a written agreement under the terms of which plaintiffs agreed to sell said property to defendants for a stated consideration and to furnish them with an abstract showing marketable title and conveyances conveying to them the full fee simple title in and to said property.

"9. That after making said agreement plaintiffs submitted abstract of title extended to date by competent abstractor and tendered to defendants, deed from the plaintiffs and from all the children of the plaintiffs, together with spouses of the children that are married, that defendants herein are ready, willing and able to pay the purchase price for the property as agreed upon and have in fact taken possession of the property.

"10. That defendants have refused to pay the purchase price for said property and have refused to accept the deeds of conveyances tendered by plaintiffs from plaintiffs and all of plaintiffs' children on the sole ground that the title tendered by the plaintiffs and plaintiffs' children and spouses do not convey full fee simple title to the described property."

Based upon the foregoing findings of fact, the court concluded as a matter of law:

"1. The deed of conveyance dated October 10, 1941, from Curtice W. Sloan et al to Delmar C. Waite and his bodily heirs created a life estate in the property conveyed in Delmar C. Waite with a vested remainder in his six living children: Charles A. Waite, Leon Alvin Waite, Francis Pauline Waite Gagne, Leora B. Waite Pettit, Elizabeth Lorraine Waite and Sara Jane Waite.

"2. That deeds of conveyance in ordinary form from Delmar C. Waite and spouse, and the six children of Delmar C. Waite, together with the spouses of those that are married to the defendants will convey to the defendants the fee simple title to the property described in plaintiffs' petition.

"3. That plaintiffs are entitled to have a declaratory judgment determining that the tender of title through deeds of conveyance from himself and six children with spouses offers defendants a marketable title and that defendants should be required to pay to plaintiffs the purchase price of $13,500.00, the amount agreed upon in the real estate purchase contract dated September 9, 1950, upon delivery to them of said deeds. And directs that judgment be entered for the plaintiffs."

From the judgment rendered, defendants appeal questioning the correctness of the legal conclusions reached by the lower court.

We think the legal conclusions reached by the trial court were correct. An examination of the deed reveals that the introductory clause designated the parties to the deed "Delmar C. Waite and his bodily heirs of the County of Cowley and State of Kansas" referring to them as parties of the second part; the granting clause conveyed to the "party" of the second part, their heirs and assigns, the described property. The word "party" as used in the granting clause was clearly intended to be "parties." The habendum clause gave all the estate, right and title of the first parties with all appurtances, and then after the usual covenants of ownership, continued that first party was seized of an indefeasible estate in fee simple which first party would warrant and defend in quiet and peaceable possession of *parties* of the second part, their heirs and assigns forever.

Under the conceded facts, the heirs of the body of Delmar C. Waite were definitely ascertainable at the time of the delivery of the deed on October 10, 1941. They were six in number. In construing the deed from its four corners, we have no difficulty in concluding that what all the parties intended was to convey a life estate to Delmar C. Waite and the remainder in fee to his children living at the time of execution and delivery of the deed.

The form and content of the deed have been set forth previously. If by this deed the grantors were attempting to create a fee tail estate (and whether that would have been accomplished had the deed been prior to the Property Act of 1939, G. S. 1949, ch. 58, art. 5, need not be determined), the attempt was of no effect in view of G. S. 1949, 58-502, abolishing such estates and providing that in such cases a life estate is created in the first taker and the remainder in fee in the next taker. In such cases the legal effect was that the conveyance was to the first named grantee, *i. e.,* Delmar C. Waite, for life, with remainder to his heirs in fee. Under G. S. 1949, 58-503, the heirs who would take are those who can be ascertained by the time the fee is possessed, *i. e.,* those in being at the time the

deed was executed and delivered. If it be considered that the deed in question was not sufficient otherwise to create a fee tail estate, then the conveyance comes within the general classification mentioned in G. S. 1949, 58-505, and the same result follows, of a life estate in the first taker and a vested remainder in the children living at the time of execution and delivery of the deed. The last mentioned section further provides that this rule applies when the expression used in the deed is "children" or "issue" or words of similar import. Following this rule, the words "bodily heirs" will be construed as children.

In view of our holding, the judgment of the lower court is affirmed.