No. 39,588

WILLIAM REETZ, MINNIE SCAER, PAUL REETZ and EMMA JACKSON, *Appellees*, v. GEORGIA SIMS, *Appellee*, and GARY J. ERVIN, DOUGLAS VAN ERVIN, JOLANA DEE ERVIN and the Unknown Heirs of the Body of Georgia Sims, *Appellants*.

(276 P. 2d 868)

Opinion filed November 13, 1954.

*Frantz G. Loriaux* and *J. Morris Moon, Jr.*, both of Augusta, were on the briefs for the appellants.

R. A. *Munroe*, of Augusta, was on the briefs for the appellee, Georgia Sims. *Fred R. Vieux*, of Augusta, was on the briefs for the appellees, William Reetz, Minnie Scaer, Paul Reetz and Emma Jackson.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action for the partition among co-tenants of a described quarter section of land in Butler county. The facts were stipulated with much detail. We need state only so much of them as pertain to the legal question presented here.

Carl Reetz acquired title to the land by general warranty deed dated August 1, 1880. He died intestate September 19, 1904. He was survived by his widow, Caroline Reetz, and seven children, one of whom was a daughter, Clara Reetz, who later married George W. Hamblet and became the mother of one child, Georgia Hamblet. On March 22, 1930, Clara Reetz died intestate leaving as her only heirs at law her husband and child above mentioned.

On January 7, 1936, Caroline Reetz made and executed her will. The will first provided for the payment by her executor of her just debts and funeral expenses; it next bequeathed all her personal estate to her five living children and her grandchild, Georgia Hamblet, in equal parts. The next paragraph, so far as here pertinent, reads:

"I give, devise and bequeath an undivided one-sixth interest in and to the real estate of which I shall die seized and possessed *to my grand-child, Georgia Hamblet and the heirs of her body,* . . ." (Italics supplied.)

On September 1, 1939, Caroline Reetz, widow of Carl Reetz, died leaving the will above mentioned. The will was duly admitted to probate.

Georgia Hamblet, the grandchild of Caroline Reetz named in her will, married a Mr. Ervin and to that marriage three children were born. Their names and the dates of their birth are: Gary J. Ervin, September 13, 1940; Jolana Dee Ervin, October 21, 1941, and Doug-

las Van Ervin, November 30, 1943. The present surname of Georgia Hamblet Ervin is Sims and she is so named as one of the parties to this action.

The devise of the interest in the property to "Georgia Hamblet and the heirs of her body" is in question. The question is: does this fractional interest in the property pass to Georgia Sims in fee or does she take a life estate therein with remainder to the three Ervin children, their shares being subject to modification in the event Georgia Sims should have other children so as to permit such children to share the remainder with the Ervin children? This is the only legal question presented in this appeal. All other questions have been stipulated.

The trial court appointed a guardian *ad litem* for the Ervin children above mentioned who are minors and nonresidents of Kansas, and also appointed a trustee to represent the unborn, unknown and undetermined heirs of the body of Georgia Sims. The court held:

"That the above named children of Georgia Sims were not in esse at the time of the death of Caroline Reetz and therefore were not ascertainable at the death of Caroline Reetz and therefore take nothing and do not own any interest in said real estate."

In the decree the court gave to Georgia Sims the 1/6 interest of the testatrix in the real estate devised to her and the heirs of her body by the will of Caroline Reetz.

The guardian *ad litem* and the trustee previously mentioned have appealed.

Counsel for appellants present as their first question for our determination the following: What estate was devised by the will of Caroline Reetz to Georgia Sims and the heirs of her body?

The parties concede that the will of Caroline Reetz, although executed in 1936, became effective upon the death of the testatrix, September 1, 1939, after the effective date of our Property Act, July 1, Laws 1939, ch. 181, G. S. 1949, 58-501 to 58-506.

Counsel argue that from a construction of the will to determine the intent of the testatrix we can only conclude that she intended to devise a fee tail estate to Georgia Sims which intent must be disregarded when confronted with § 2 of the Property Act (G. S. 1949, 58-502) which abolished such estates in instruments effective after the effective date of the act, and provided that such instruments shall create a life estate in the first taker and remainder in fee for the next taker. From this they argue that the clause of the will in question becomes, "Caroline Reetz to Georgia Sims for life,

remainder to her children in fee." Without laboring the matter we shall assume that conclusion would be correct if Georgia Sims had children at the effective date of the will. She did not. However, we take note of the fact that the general rule is that in a devise to A and her children, if she had children living at the effective date of the will, A and the children would take as tenants in common unless the terms of the instrument were such that they would take as joint tenants. See, *Noble v. Teeple*, 58 Kan. 398, 49 Pac. 598.

In support of this argument counsel cite *Bunting v. Speek*, 41 Kan. 424, p. 450, 21 Pac. 288. That case has been explained in *Kirkpatrick v. Kirkpatrick*, 112 Kan. 314, pp. 319, 323, 211 Pac. 146, and *McCartney v. Robbins*, 114 Kan. 141, pp. 142, 143, 217 Pac. 311. What is left of the case, with certainty, is contained in the separate opinion of Mr. Justice Valentine (*Bunting v. Speek*, supra, pp. 454 and 455). In that case the testator in his will gave to his wife all of his estate, real and personal, during her lifetime and "Then they are to descend to my legal heirs." (p. 454.) Of course, the life estate passed to his wife. The real question was whether the fee was to pass to his legal heirs at the time of the testator's death or was to pass to whomsoever might be his legal heirs, his children, his grandchildren, or his collateral relations, at the time of the death of his widow. The court held that the heirs took a vested remainder in fee at the death of the testator. In the syllabus (p. 424) the first and second paragraphs read:

"In a devise to a wife for life, with remainder to the legal heirs of the testator, to create a contingent remainder the intent so to do must be expressed in words so plain that there is no room for construction.

"No remainder will be construed to be contingent which may, consistently with the words used and the intention expressed, be deemed vested."

The legal principles thus announced have been quoted and followed in many of our later cases. See *Cramer v. Browne*, 159 Kan. 423, p. 428, 155 P. 2d 468; *In re Estate of Works*, 168 Kan. 539, 213 P. 2d 998; *Wood River Oil & Refining Co. v. Madden*, 169 Kan. 633, 220 P. 2d 154.

A will speaks from the time of the testator's death unless it plainly shows a contrary intention, and is to be construed as operating according to conditions then existing. *In re Estate of Ellertson*, 157 Kan. 492, 142 P. 2d 724; *In re Estate of Works*, supra.

The following authorities are in point.

"In order that an instrument may be operative as a deed conveying title to, or interest or estate in, land, the grantee named in the deed must be a person,

natural or artificial, in existence at the time of conveyance and capable of taking title. A deed granting an immediate estate to a person not in esse is inoperative to transfer the legal estate. . . ." (16 Am. Jur., p. 478, § 68.)

"A deed to a person named 'and her children' is not void as to the mother or her children living at the time the deed was made. Such children can be identified by parol evidence, and they and their mother take the title as tenants in common, but children subsequently born take no title. If in such case the grantee named has no children at the time of the execution of the deed, such grantee takes the entire property to the exclusion of children born subsequently to the execution of the deed." (1 Jones on The Law of Real Property in conveyancing, § 233.) Cited and followed in *Schlemeyer v. Mellencamp*, 159 Kan. 544, p. 547, 156 P. 2d 879.

"Since in general a will speaks from the death of the testator, the capacity of a devisee or legatee to take a present vested interest is to be judged as of that time. . . ." (68 C. J., p. 505, § 124.)

"Except as modified by statute in some jurisdictions, to constitute a vested remainder the remainderman must be capable of ascertainment at the time of the testator's death. . . ." (69 C. J., p. 618, § 1705.)

"It is a general rule of testamentary construction that, in the absence of clear and unambiguous indications of a different intention on the part of the testator, a class described as testator's 'heirs,' 'next of kin,' etc., to whom a remainder or executory interest is given by the will is to be ascertained as of the death of the testator. While one of the reasons adduced in support of the rule is that it gives the words of description their natural and prima facie meaning, a reason more frequently brought forward is the preference of the law for a construction which will vest an estate at the earliest possible opportunity. . . ." (57 Am. Jur., p. 846, § 1279.)

The case of *Waite v. Schmidt*, 173 Kan. 353, 245 P. 2d 975, construed G. S. 1949, 58-502, and other sections of our Property Act. The facts of that case, so far as here pertinent, are: On October 10, 1941, Curtice W. Sloan and others, for a valuable consideration, conveyed certain described real estate by general warranty deed to "Delmar C. Waite and his bodily heirs," (p. 354). Waite had been married twice. By his first wife he had six children living at the time the deed was made; by his second wife he had no children. On May 23, 1950, Waite made a contract to sell the land to Schmidt and to furnish him with an abstract and deed showing good merchantable title. The deed tendered was executed by Delmar C. Waite and his six living children and the spouses of those who were married. Schmidt objected to the deed upon the ground that Waite might have other bodily heirs who would have an interest in the property. The trial court denied this claim and this court affirmed, holding:

"The provisions of the deed as set forth in the opinion construed, and with respect to the land therein described it is *held:* (a) The plaintiff, Delmar C. Waite, as first taker took a life estate; (b) the six children of Delmar C. Waite,

as next takers, took the vested remainder at the time of the execution and delivery of the deed." (Syl. 2.)

In the opinion the court used this language:

"Under the conceded facts, the heirs of the body of Delmar C. Waite were definitely ascertainable at the time of the delivery of the deed on October 10, 1941. They were six in number. In construing the deed from its four corners, we have no difficulty in concluding that what all the parties intended was to convey a life estate to Delmar C. Waite and the remainder in fee to his children living at the time of execution and delivery of the deed.

"The form and content of the deed have been set forth previously. If by this deed the grantors were attempting to create a fee tail estate (and whether that would have been accomplished had the deed been prior to the Property Act of 1939, G. S. 1949, ch. 58, art. 5, need not be determined), the attempt was of no effect in view of G. S. 1949, 58-502, abolishing such estates and providing that in such cases a life estate is created in the first taker and the remainder in fee in the next taker. In such cases the legal effect was that the conveyance was to the first named grantee, i. e., Delmar C. Waite, for life, with remainder to his heirs in fee. Under G. S. 1949, 58-503, the heirs who would take are those who can be ascertained by the time the fee is possessed, i. e., those in being at the time the deed was executed and delivered. If it be considered that the deed in question was not sufficient otherwise to create a fee tail estate, then the conveyance comes within the general classification mentioned in G. S. 1949, 58-505, and the same result follows, of a life estate in the first taker and a vested remainder in the children living at the time of execution and delivery of the deed. . . ." (pp. 356 and 357.)

In the case before us Georgia Hamblet, now Sims, was living at the time of the death of the testatrix and was capable of taking the devise of the fractional interest in the property owned by the testatrix at the time the will became effective. At that time she had no heirs of her body living. Hence, she took in fee a 1/6 of the entire interest owned by the testatrix at the time the will became effective.

We find no error in the record. The judgment of the trial court is affirmed.