No. 45,255

In the Matter of the Estate of Nellie Loomis, Deceased.

(451 P. 2d 195)

Opinion filed March 8, 1969.

*Lawrence P. Andra,* of Wichita, argued the cause, and *Ernest A. Warden,* of Wichita, was with him on the brief for appellants.

*Ronald D. Albright,* of Anthony, argued the cause, and *Martha McKenna,* of Kingman, and *Robert H. Nelson,* of Wichita, were with him on the brief for appellee.

The opinion of the court was delivered by

FATZER, J.: This case arises out of the construction of the will of Nellie Loomis and for direction as to the distribution of the residue of her estate devised by the third paragraph of her will to the "proposed Nellie Loomis Memorial Home for the Aged, Cheney, Kansas." The district court entered judgment that the third paragraph of the will constituted a valid bequest and devise. The appellants are the decedent's heirs at law. The appellee is the executor named in the decedent's will.

The will was admitted to probate in Sedgwick County on February 19, 1964, and omitting the attestation clause and signatures, reads:

"I, Nellie Loomis, of Milton, Kansas, do hereby make, publish and declare this my last will and testament in manner and form following:

"FIRST: I direct that all my just debts and funeral expenses be paid as soon after my decease as conveniently can be done.

"SECOND: I give and bequeath to Harold Johnson, Solo, Missouri the sum of Five Thousand & no/100 Dollars ($5,000.00).

"THIRD: All the rest, residue and remainder of my estate, real, personal and mixed, wheresoever situate, of which I may die seized or possessed, or to which I may be entitled to at the time of my decease, I give, devise and bequeath to the proposed Nellie Loomis Memorial Home for the Aged, Cheney, Kansas, to have and to hold the same forever.

"FOURTH: I hereby nominate, constitute and appoint C. O. Bomholt of Cheney, Kansas executor of this, my last will and testament.

"SIXTH: I hereby revoke all former or other wills and testamentary dispositions by me at any time heretofore made.

"IN WITNESS WHEREOF I have hereunto subscribed my name in the presence of Mary Bomholt and Jennie Casley both of Cheney, Kansas, whom I have requested to become attesting witnesses hereto this 28th day of September, 1962.

"/s/ Nellie Loomis"

The merits of the appeal depend upon the validity of the appellant's contention that the third paragraph of the will contained no indication at all that a trust was to be created, and since there was no person or legal entity in existence with capacity to take

the property at the time of the decedent's death, the devise was void, and the property descended to the decedent's heirs at law.

The parties stipulated that at the date of the testatrix' death the proposed Nellie Loomis Memorial Home for the Aged was not in existence. Because of the nature of the gift, that is, to the proposed Nellie Loomis Memorial Home for the Aged "to have and to hold the same forever," neither the executor nor anyone else may establish such a home at any future time. The executor is obligated to administer the estate in conformity with law, and paragraph three directs he distribute the residue to a nonexistent entity. Under those circumstances, is the residuary clause valid?

The appellee contends the devise contained in paragraph three created a valid charitable trust based upon evidence admitted in the district court, over the appellants' objection, of oral direction by the testatrix to the named executor after she had executed her will, to prepare plans for the building of a home for the aged which she approved in her lifetime and to incorporate the Nellie Loomis Memorial Home for the Aged after her death, which, he asserts, delineated the charitable purpose of the gift and the organization proposed to administer it.

A charitable trust is created by a will only if the settlor properly manifests therein an intention to create a charitable trust, but such a trust is not created unless the settlor manifests an intention to impose enforceable duties. (2 Restatement of the Law, Trusts, § 351, p. 1099.) The trust for a charitable object must be to some person, body or association of persons having a legal existence and with capacity to take and administer the trust, and for some definite and lawful object. (*Ratto v. Nashville Trust Co.*, 178 Tenn. 457, 159 S. W. 2d 88, 141 A. L. R. 341.)

It has been held that a devise of the residue of an estate to a corporation to be created after the death of the testator is void because there is no devisee with capacity to take the property at the time of death (*Zeisweiss v. James*, 63 Pa. 465, 3 Am. R. 558; *Carr v. Hart*, 220 La. 833, 57 So. 2d 739; *In re Korzeniewska's Estate*, 297 N. Y. Supp. 997, 163 Misc. 323; 94 C. J. S., Wills, § 106, p. 825), and the possibility that there might be a corporation organized thereafter is too remote. (*Malmquist v. Detar*, 123 Kan. 384, 255 Pac. 42.) However, it has been held that a person may devise and bequeath property to a corporation to be formed after his death, *if the will provides that such corporation shall be so formed* and

the gift is otherwise valid as, for example, in the case of a valid gift for charitable purposes and uses. (*In re Estate of Weeks*, 154 Kan. 103, 106, 114 P. 2d 857; *H. C. Drew Manual T. School v. Calcasieu Nat. Bank*, 192 La. 790, 189 So. 137; *St. John v. Andrews Institute*, 191 N. Y. 254, 267, 268, 83 N. E. 981, affirmed *Smithsonian Institute v. St. John*, 214 U. S. 19, 53 L. Ed. 892, 29 S. Ct. 601, Zollmann, American Law of Charities, § 345, p. 229; 15 Am. Jur. 2d, Charities, § 44, p. 52; 94 C. J. S., Wills, § 106, p. 825.) Where a bequest or devise is made to a charitable corporation for the accomplishment of a purpose for which it was formed, the gift is absolute and not in trust, and is not to be judged by any of the well-known rules pertaining to the law of trusts as applied to individuals. (*Zabel v. Stewart*, 153 Kan. 272, 109 P. 2d 177.)

In determining the force and effect to be given the terms of a will, the court's first duty is to survey the instrument in its entirety and ascertain whether its language is so indefinite and uncertain as to require the employment of rules of judicial construction. Where, from an analysis of the entire instrument, no ambiguity or uncertainty is found in its language, there is no occasion to employ rules of judicial construction and the will must be enforced in accordance with its terms and provisions. (*In re Estate of Freshour*, 185 Kan. 434, 345 P. 2d 689.)

The appellee alleged in his pleadings in the probate court and conceded in the district court that the testatrix' will was clear and unambiguous. Our analysis of the entire instrument discloses no ambiguity, and it contains no language to indicate a manifestation of intention on the part of the testatrix to create a testamentary charitable trust. By manifestation of intention to create such a trust we mean the external expression of intention in writing as distinguished from undisclosed intention or oral instructions or directions given to a named executor or trustee appointed by the will. The testatrix did not devise the property to the executor or to any trustee to establish a home for the aged, nor did her will direct that a corporation be created after her death to establish the home and administer the trust for the purpose intended, nor did it impose enforceable duties upon any person or legal entity with capacity to take and hold the property and administer the gift for a charitable purpose.

Under those circumstances, evidence concerning matters which

occurred after the will was executed with respect to plans for a home for the aged and of the formation of a corporation after the testatrix' death, was incompetent as bearing upon the construction of the will. This court has repeatedly held that extrinsic evidence is not admissible to show the intention of the testator where there is no ambiguity in the language used or to give the language of the will a different meaning from that which the law attributes thereto. Rules of construction are inapplicable where the terms of a will are explicit. (*Baldwin v. Hambleton,* 196 Kan. 353, 411 P. 2d 626, and cases cited.) In short, the language of the will is clear and unambiguous—merely leaving the property to the proposed Nellie Loomis Memorial Home for the Aged which is not in existence. The cases cited by the appellee are of little persuasion.

The power to dispose of property by a will is limited to the extent that the disposition by will must be to some person or persons or legal entity in existence either at the time of the death of the testator or when the gift would vest under the will. (*Gardner v. Anderson, Trustee,* 114 Kan. 778, 227 Pac. 743; *Kennett v. Kidd,* 87 Kan. 652, 125 Pac. 36, 44 L. R. A. n. s. 544, ann. cas. 1914A 592, affirmed 89 Kan. 4, 130 Pac. 691, 44 L. R. A. n. s. 549, ann. cas. 1914C 654; 1 Bartlett, Kansas Probate Law and Practice, Rev. Ed. § 372, p. 438; 94 C. J. S., Wills, § 95, p. 800.) A will speaks from the time of the testator's death unless it plainly shows a contrary intention, and is to be construed as operating according to conditions then existing. (*In re Estate of Ellertson,* 157 Kan. 492, 142 P. 2d 724; *In re Estate of Works,* 168 Kan. 539, 213 P. 2d 998; *Reetz v. Sims,* 177 Kan. 143, 146, 147, 276 P. 2d 368.) The capacity of a devisee or legatee to take a present vested interest is to be judged as of the time of the death of the testator and must exist at that time in order for the gift to be valid. (*Reetz v. Sims,* supra, p. 147; *Carr v. Hart,* supra; *In re Korzeniewska's Estate,* supra; *Meyers, et al. v. Teichman, et al.,* 219 Miss. 860, 70 So. 2d 17; 94 C. J. S., Wills, § 94, p. 799.)

While it is the duty of courts to uphold a testator's will where that is possible, and construe its provisions so as to effect the testator's intention, a devise of property to a nonexistent entity which is incapable of taking, is void.

Applying the foregoing rules, we must conclude there is absolutely nothing in the testatrix' will as tending to show any manifestation of intention to devote the property devised in the residuary clause to charitable purposes and the requisite acts of creating a charitable

trust have not been performed. The result is, the devise of the residue of the testatrix' estate to the proposed Nellie Loomis Memorial Home for the Aged, which does not exist, was of no effect because there was no devisee with capacity to take the property at the time of the testatrix' death, and not being otherwise disposed of by will, the residue passed to her heirs at law in accordance with the laws of descent and distribution.

The judgment of the district court is reversed.