In the Matter of the ESTATE of Emma A. WITTMAN, Deceased, Socorro G. Simmering, Appellant,

v.

H. Lee HUSTON, Executor of the Estate of Emma A. Wittman, Deceased, Appellee,

Bernadell Foutz et al., Heirs of Jake Simmering, Jr., Appellees.

No. 55850.

Supreme Court of Iowa.

Feb. 20, 1974.

Terrence L. Mealy, Muscatine, and W. O. Weaver, Wapello, for appellant.

Thomas E. Perry, Columbus Junction, for appellee H. Lee Huston.

Joseph P. Weaver, El Reno, Okl., and William L. Matthews, of Hicklin & Matthews, Wapello, for appellees Bernadell Foutz, and others.

Heard by MOORE, C. J., and RAWLINGS, REYNOLDSON, HARRIS and McCORMICK, JJ.

McCORMICK, Justice.

Claimant Socorro G. Simmering appeals the dismissal of her claim against the estate of Emma A. Wittman. We affirm.

Claimant alleged in her claim she is the surviving spouse and sole beneficiary of the estate of Jake Simmering, Jr. (Jake) who died December 11, 1970. She further alleged Jake was sole beneficiary under the will of Emma A. Wittman (Emma) who died February 8, 1972. Emma's will, dated December 13, 1948, included the following language:

> "I give, devise, and bequeath to my beloved friend Jake Simmering Jr., of Louisa County, State of Iowa, all of my property, both real and personal, wherever the same may be located, to do with as he may see fit. It is my intention hereby to make disposal of all of my estate to said Jake Simmering, Jr. * * *."

Claimant averred it was Emma's intention to give Jake all her property "regardless of who died first." She alleged she in turn is entitled to receive it because Jake left her all his property "whether now owned or

hereafter acquired" by his will dated June 20, 1970.

The executor of Emma's estate moved to dismiss the claim on grounds claimant has no interest in the Wittman estate property and stated no facts in her claim showing such an interest. Trial court sustained the motion.

The Rules of Civil Procedure are applicable to contested claims. § 633.444, The Code. Since a motion to dismiss admits the well pleaded allegations of fact in the claim, as opposed to conclusions of law, we must decide whether it appears to a certainty claimant failed to state a claim on which relief could be granted under any state of facts provable in support of the claim. Bailey v. Iowa Beef Processors, Inc., 213 N.W.2d 642 (Iowa 1973); Freese v. Lemmon, 210 N.W.2d 576, 579 (Iowa 1973); Rick v. Boegel, 205 N.W.2d 713, 715 (Iowa 1973).

■ Claimant did not plead over after trial court's ruling within the time permitted by rule 86, Rules of Civil Procedure. The order sustaining the motion to dismiss thus became a final adjudication. Bindel v. Iowa Manufacturing Co. of Cedar Rapids, 197 N.W.2d 552, 553 (Iowa 1972).

Under any state of facts provable in support of the claim lie contentions a dead person can inherit property and a testator can by will dispose of property in which he has no interest at his death. Neither contention is tenable.

I. *Capacity to inherit.* Jake predeceased Emma. Claimant asserts the language in Emma's will leaving Jake all her property "to do with as he may see fit" evinces an intent that Jake receive it even if he should die first. Claimant acknowledges the quoted words define the extent of the interest devised and are not words of substitution. But whatever one's intent, a person cannot devise more than an abso-

lute interest. The most Jake could have received under Emma's will was a fee simple absolute. In re Barrett's Will, 111 Iowa 570, 82 N.W. 998 (1900). There is nothing in the nature of the devise which could give Jake a power to receive it in his grave. See Camden Trust Co. v. Wolfe, 131 N.J.Eq. 437, 25 A.2d 915 (1942). Claimant does not argue the property was devised to Jake's estate. Cf. Cookman v. Lindsay, 215 Iowa 564, 246 N.W. 268 (1933); Annot., 10 A.L.R.3d 483.

■ A dead person cannot inherit. In order to take by will a person must be living at the time of the testator's death or when the gift would vest under the will. In re Estate of Loomis, 202 Kan. 668, 451 P.2d 195 (1969); 6 Page on Wills § 50.1 at 61 (Bowe-Parker Rev.1961); 94 C.J.S. Wills § 95 at 800. This principle is presupposed by the lapse doctrine. See, e.g., In re Estate of Staab, 173 N.W.2d 866 (Iowa 1970); Larson v. Anderson, 167 N. W.2d 640 (Iowa 1969); Fischer v. Mills, 248 Iowa 1319, 85 N.W.2d 533 (1957); In re Freeman's Estate, 146 Iowa 38, 124 N. W.2d 804 (1910); § 633.273, The Code.

Having predeceased Emma, Jake could not inherit from her.

■ II. *Anticipatory disposition.* Claimant also contends she is entitled to the Wittman estate property as Jake's sole beneficiary. However, we have repeatedly held a will speaks from the date of a testator's death. The rights of any party under it accrue at that time. Estate of Randall v. McKibben, 191 N.W.2d 693, 698 (Iowa 1971). It follows that a testator cannot dispose by will of property in which he has no interest at his death. 4 Page on Wills, supra, § 37.1 at 585. Claimant could not inherit an interest from Jake which was not then within his power to give.

Trial court was right.

Affirmed.